DAVID KALIN *vs.* SAMUEL CRONIG & others.

Dukes County.    November 27, 1951. — January 2, 1952.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Equity Pleading and Practice,* Master: exceptions to report. *Agency,* Agent's liability to principal. *Mortgage,* Of real estate: foreclosure.

Exceptions to the report of a master intended to raise questions of law dependent upon evidence not reported have no standing in the absence of a summary of evidence under Rule 90 of the Superior Court (1932).

The record of a suit in equity did not show that an agent who did not possess sufficient funds of his principal to pay off a mortgage on land of the principal could or should have used a general power of attorney from the principal to raise money for that purpose, or that the agent and the mortgagee acted in concert respecting a sale in foreclosure of the mortgage of which the principal had no personal notice and at which the mortgagee bought the property.

BILL IN EQUITY, filed in the Superior Court on August 22, 1949.

An interlocutory decree overruling exceptions to a master's report and confirming the report was entered by order of *Good,* J. A final decree was entered by order of *Swift,* J.

In this court the case was submitted on briefs.

*J. M. McGregor & M. H. T. McGregor,* for the plaintiff.
*J. C. Roy,* for the defendants.

LUMMUS, J. The plaintiff, on August 22, 1949, brought this bill against Samuel Cronig, Samuel's wife Libby Cronig, and Samuel's brother Henry Cronig. The facts appear in the report of a master which was confirmed, subject to an appeal by the plaintiff. On July 6, 1950, a final decree was entered, dismissing the bill as against the defendants Libby and Henry Cronig, and giving the plaintiff a right to redeem against the defendant Samuel Cronig from two conveyances of real estate given to him by the plaintiff as security, upon the payment to said Samuel of $6,273.24 with interest within thirty days after final decree. The plaintiff appealed.

The main controversy is between the plaintiff and the defendant Samuel. In 1938 and 1941 the plaintiff conveyed to the defendant Samuel by absolute warranty deed, intended however merely as security (*Campbell* v. *Dearborn,* 109 Mass. 130), two parcels in Tisbury, one on Franklin and Lake streets and the other on Look and William streets. The defendant had a general power of attorney from the plaintiff, and was to manage the properties and collect the rents and apply them to the plaintiff's present and future indebtedness to him. About 1946 the plaintiff demanded and received from the defendant Samuel an account upon which the master found that the plaintiff owed the defendant Samuel $6,273.24.

The evidence before the master is not reported, and consequently the facts found by him must stand unless inconsistent with each other, which they do not appear to be. *Sprague* v. *Rust Master Chemical Corp.* 320 Mass. 668, 675. *Weltshe* v. *Graf,* 323 Mass. 498, 500. *Lowell Gas Co.*

v. *Department of Public Utilities*, 324 Mass. 80, 90. The plaintiff brought in eight objections to the master's report, which became exceptions under the rule, to the effect that there was no evidence warranting certain findings made by the master. These objections were intended to present questions of law dependent upon evidence not reported, and the plaintiff was required by Rule 90 of the Superior Court (1932) to request "a brief, accurate and fair summary of so much of the evidence as shall be necessary for such purpose." The record does not show that any such summary was requested or made. In the absence of such a summary the exceptions taken are not open to the plaintiff. *Morin* v. *Clark*, 296 Mass. 479. *Minot* v. *Minot*, 319 Mass. 253, 259. The findings of the master with respect to the defendant Samuel are in no way impeached by anything in the record, and are conclusive upon the plaintiff.

The only findings with respect to the defendant Libby are that in 1940 the plaintiff owned a bungalow in Vineyard Haven, Tisbury, which was bought by the defendant Libby for $2,600, which she paid partly by paying debts owed by the plaintiff and partly by paying him a balance in cash. No wrong on the part of the defendant Libby appears, and the bill was properly dismissed as against her.

The only findings with respect to the defendant Henry are that he bought a mortgage covering property owned by the plaintiff in Oak Bluffs. The amount of the mortgage was $3,050, and Henry paid $2,000 and assumed $947.30 of unpaid taxes, a total of $2,947.30. The price paid by Henry was evidence of the value of what he bought, and it does not appear that Henry obtained any great bargain. Henry commenced foreclosure proceedings and bought the premises at the foreclosure sale for $2,000. At that time the defendant Samuel did not have sufficient funds belonging to the plaintiff to pay off Henry's mortgage. The record does not show, and there is no finding, that Samuel should have used, or could have used, his power of attorney from the plaintiff to raise money with which to pay off Henry's mortgage, or that Samuel and Henry acted in concert. It appeared that

the plaintiff was given no personal notice of the foreclosure sale. In 1941, when the foreclosure took place, there was no statute requiring notice to the mortgagor, except by advertising, for any purpose. See St. 1945, c. 604, § 1, inserting G. L. c. 244, § 17B. The bill was properly dismissed as against the defendant Henry.

Upon the whole case no error appears. The interlocutory decree overruling the plaintiff's exceptions and confirming the master's report is to be affirmed, and the final decree is to be affirmed with costs to the defendants.

*So ordered.*