JOSEPH J. MURLEY & another *vs.* TIMOTHY E. MURLEY.

Suffolk. October 4, 1956. — November 8, 1956.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Real Property*, Conveyance as security.

A finding that a conveyance by an elderly widow of her house to her son and herself as joint tenants was intended by them only as security for a loan to the mother by the son and not as an absolute conveyance was justified on evidence that at the time of the conveyance the mother was told that she would "still own the house" and be "the boss" and the son said he "wanted security, he wasn't going to give the money away for nothing," that the value of the mother's equity of redemption in the house was substantially greater than the amount of the loan, that the mother continued to pay mortgage interest and taxes on the house after the conveyance, and that the son paid her monthly rent after that time for his occupancy of an apartment in the house.

BILL IN EQUITY, filed in the Superior Court on July 27, 1955.

The suit was heard by *Morton*, J.

Murley *v.* Murley.

*Robert J. Muldoon,* for the defendant.

*Meyer H. Goldman,* for the plaintiffs.

CUTTER, J. The plaintiffs, two of the children of Mrs. Ellen Murley, bring this bill in equity to obtain a determination that they are the beneficial owners of a house in Somerville which Mrs. Murley had purported to convey by quitclaim deed to her son, Timothy Murley, the defendant, and herself as joint tenants on September 11, 1953. The trial judge found that the deed was not intended to convey the house to the defendant "otherwise than as security for a loan" of $2,000 made to Mrs. Murley by the defendant or his wife. A decree was entered declaring the rights of the parties accordingly and directing the defendant to convey the real estate to the plaintiffs upon payment by them to him of $2,000 with interest from the date of the loan but without costs to either party.

The evidence is reported. Questions of fact as well as of law are before us for decision upon this court's judgment as to the facts, giving due weight to the findings of the trial judge which will not be reversed unless plainly wrong. *Bernhardt* v. *Atlantic Finance Corp.* 311 Mass. 183, 184–185, and cases cited. *Cohen* v. *Santoianni,* 330 Mass. 187, 190–191.

Mrs. Murley, a widow about eighty years old, was on September 11, 1953, the owner of the house, already mentioned. It contained two apartments, the lower of which she then occupied. Because she was no longer capable of running a coal furnace, she consulted with her daughter, Mary, one of the plaintiffs, about converting the heating system to oil heat. It was estimated that this would cost $2,000, but the daughter was unable to arrange a bank loan for more than $1,000 without a cosigner. The defendant was asked to join her in obtaining the loan, but declined. The defendant's wife offered to pay for the conversion in full if "his name was to be put on the deed." After a family conference or conferences, attended by the plaintiffs and the defendant, it was arranged that the defendant would pay the $2,000 and a deed would be given by Mrs. Murley naming him as a grantee. Mr. Robert Muldoon, a lawyer rep-

resenting the defendant, was consulted and recommended that the house be conveyed to Mrs. Murley and the defendant as joint tenants. Such a quitclaim deed was in fact executed by Mrs. Murley and recorded. The sole issue in this case is whether that deed was an absolute conveyance or only by way of security for the $2,000 spent by the defendant.

Prior to the conveyance, Mrs. Murley had lived in the house for many years. After her husband's death, some three years before 1953, her son Joseph, a plaintiff, then about forty, had lived in the house with her, but he, at the time of the conveyance, had been sick and in the hospital for some time, except for brief visits to his mother. Before his illness, he had contributed to his parents' support. The other plaintiff, his sister Mary, did not then live with her mother, nor did the defendant and his wife.

Part of the arrangement at the time of the conveyance was that the defendant, who had been unemployed for some years, apparently because of illness, and his wife, who was supporting him, would move into the upper apartment of the Somerville house, that Mrs. Murley would live with them, and that the ground floor apartment would be rented to provide for part of her support. This arrangement was in fact carried out for a time, but Mrs. Murley soon tired of it and moved back downstairs. Thereafter the defendant paid rent to his mother, at the rate of $40 a month, the amount paid by the previous tenant of the upper apartment, and Mrs. Murley continued to make monthly payments of $46.28 on the bank mortgage on the house and to pay for certain repairs necessitated by hurricane damage.

At the time of the conveyance Mr. Muldoon appears to have tried fairly to make clear to the parties the precise legal effect of the deed which was being executed. However, there was testimony that the defendant, on the night the deed was executed, kept urging his mother to sign and not to "be holding it up," that she was then told "Mrs. Murley, you will still own the house and you are the boss" (a statement which might indicate to Mrs. Murley that she

was giving only a deed for security, although it would per-
haps be consistent with her retaining only a joint tenancy),
that the defendant at or near the time of the deed had said
that he "wanted security, he wasn't going to give the money
away for nothing," and that later there was discussion
among Mrs. Murley and her children about the defendant
being asked to take his "name off the deed because that
was only security." There was also evidence that, immedi-
ately after his mother's death, the defendant in effect said
that he didn't "really want the house," and that his sister
replied that she was glad to hear him say that "because you
know it isn't the way Mom wanted it anyway."

It appeared also that Mrs. Murley's regular lawyer, a
Mr. McCabe, was not consulted about the deed and did
not learn of it until 1954. In a will drawn by him for Mrs.
Murley in November, 1953, about two months or so after
the deed, Mr. McCabe had provided that the house was to
go to the plaintiff Joseph Murley. In 1954, when he was
drawing another will for her, Mr. McCabe, learning of the
deed, pointed out to Mrs. Murley its effect as vesting the
whole property eventually in the survivor of herself and the
defendant. She then indicated that she did not want to
ask to have any change made in the arrangement and that
she then wanted the property to go to the defendant when
she died. There was evidence that subsequently she made
efforts to persuade the defendant "to take his name off the
deed." The will executed in 1954 by her gave the residue
of her estate to the plaintiffs.

It appeared that the house in 1953 was worth about
$13,500 and that it was subject to a mortgage of $4,900 and
to a lien for $2,772.46 of the city of Somerville for old age
assistance furnished to Mrs. Murley. There was thus an
equity of about $5,800 at the time of the advance by the
defendant of $2,000.

It is well settled that, where land is conveyed by a deed
absolute on its face, it may be shown that the transfer was
by way of security only. *Campbell* v. *Dearborn*, 109 Mass.
130, 143–145. *Eberlein* v. *Eberlein*, 269 Mass. 256, 260. See

Restatement: Restitution, § 182. See cases collected in 1 Scott, Trusts (1956 ed.) § 44.3; 4 Am. Law of Property, §§ 16.44–16.46. See also for a recent application of this principle, *Kalin* v. *Cronig*, 328 Mass. 206, 207. The trial judge, in reaching the conclusion that the deed was "as security for a loan," seems to have placed substantial reliance upon the devise, in the 1953 will made shortly after the deed, of the real estate here in question to the plaintiff Joseph Murley. This, he felt, indicated that Mrs. Murley then regarded the house as still hers. In an appropriate case, the later conduct of a party may perhaps be of assistance in determining the actual intention in executing an earlier instrument. See by way of analogy *Bancroft* v. *Russell*, 157 Mass. 47, 50, and *Russell* v. *Meyers*, 316 Mass. 669, 672–673 (later declarations admitted to show whether a trust had been created by earlier acts); *Harrington* v. *Donlin*, 312 Mass. 577, 579–581 (conduct as evidence of a trust of savings bank book); *Wooster Rubber Co.* v. *Commissioner of Internal Revenue*, 189 Fed. (2d) 878, 886 (C. A. 6 — later practical construction by the parties of an ambiguous trust instrument); 2 Scott, Trusts (1956 ed.) § 164.1, at page 1159, 1 id. § 58.1, at page 479. Compare *Gorey* v. *Guarente*, 303 Mass. 569, 574, and cases cited. However, it is unnecessary to rest upon the provisions of the 1953 will the finding that a deed by way of security was intended, nor do we think important the declarations made by Mrs. Murley to Mr. McCabe in 1954 that she wanted the real estate to go to the defendant. The important thing is the intention of the parties when the deed was signed in 1953. The statements that the property would continue to be hers made to Mrs. Murley at the time of the execution of the deed, the references in the testimony to the defendant's desire for security for the $2,000, the discrepancy between the amount advanced by the defendant or his wife and the value of the house (even though the defendant ran the risk of losing his security in the unlikely event that he, a man of fifty, should die before his eighty year old mother), the continued payments of mortgage interest and taxes by Mrs.

Murley (rather than the defendant) after the giving of the deed, and the fact that the defendant paid rent to her monthly for the upstairs apartment, all point to a security transaction instead of an absolute conveyance. Although there was some testimony which would lead to a different conclusion, there is sufficient testimony to support the findings of the trial judge, who saw the witnesses and was in a better position than we are to appraise their oral testimony. See *Shadman* v. *O'Brien*, 278 Mass. 579, 582–583; *Murphy* v. *Hanlon*, 322 Mass. 683, 685, 693. Giving to all the oral testimony all the weight the judge could justifiably give it, we think his finding that the deed was given only by way of security was justified. We concur in his view that this is not an appropriate case for an award of costs.

*Decree affirmed.*