# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

SOLOMON Z. RIVKIND vs. DERDAD GULESERIAN & another.  December 8, 1959.  Decree affirmed.  This is an appeal from a final decree dismissing the plaintiff's bill for an accounting under an alleged agreement by which the plaintiff was to share in profits from the resale of land.  The only issue is the existence of such an agreement.  There was evidence that the defendant Guleserian (hereinafter called the defendant) paid the plaintiff $400 which the defendant urges, and the plaintiff denies, was a commission for arranging the purchase.  The plaintiff held an option on the land but was unable himself to purchase it for lack of sufficient funds, and in return for the defendant's promise to buy the land, the plaintiff agreed to divide any commission he might receive in the event the land was purchased by one Bauer, who also held an option on it.  The plaintiff testified that the defendant had further orally agreed that he (the plaintiff) was to share in profits from the resale of the land in the event the defendant purchased it, which he did through the defendant corporation.  The defendant denied making such an agreement.  Whether the defendant agreed to the profit sharing was a question of fact the resolution of which depended upon the credibility of witnesses.  We cannot say that the presiding judge was plainly wrong in resolving the conflict in testimony against the plaintiff.  *Hiller* v. *Hiller*, 305 Mass. 163, 164.  *Boston* v. *Santosuosso*, 307 Mass. 302, 331–332.  *Rayner* v. *McCabe*, 319 Mass. 311, 311–312.  *Murley* v. *Murley*, 334 Mass. 627, 628.  *Murach* v. *Massachusetts Bonding & Ins. Co.* 339 Mass. 184, 188.  See *Beatty* v. *Ammidon*, 260 Mass. 566, 574.

*Maurice H. Kramer*, for the plaintiff, submitted a brief.

*Harry M. Lack*, for the defendants.

WILBUR L. LAWSON vs. MARGARET M. LAWSON.  December 8, 1959.  Decree reversed.  This is an appeal by the libellant from a decree dismissing a libel for divorce for cruel and abusive treatment.  The libellant filed a request for a report of material facts.  The judge filed a brief report, which this court ordered amplified.  G. L. c. 231, § 125A, inserted by St. 1949, c. 171, § 1.  The judge has filed an additional report.  Still not enough appears in the two reports to enable us to reach a proper conclusion.  *Watkins* v. *Simplex Time Recorder Co.* 316 Mass. 217, 224–225, and cases cited.  *Minot* v. *Minot*, 319 Mass. 253, 258.  *Turgeon* v. *Turgeon*, 326 Mass. 384, 386.  *Bendslev* v. *Commissioner of Pub. Safety*, 331 Mass. 261, 266–267.  *American Employers' Ins. Co.* v. *Cohen*, 334 Mass. 417, 421.  *Frank* v. *Frank*, 335 Mass. 130, 136–137.  We think that the case should be heard again.

*Eben G. Townes*, for the libellant, submitted a brief.

No argument nor brief for the libellee.