JOAO C. MOUTINHO *vs.* MARY F. MOUTINHO.

Bristol.  February 10, 1961. — March 3, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Probate Court,* Report of material facts. *Divorce,* Desertion. *Words,* "Without cause."

The adequacy of a report of material facts made by a judge of a Probate Court under G. L. c. 215, § 11, at the request of the appellant upon an appeal from a decree cannot be attacked on that appeal. [172]

A decree of divorce against a wife on the ground of desertion was supported by the facts that she "without cause" informed her husband that she wanted him to leave their home and that she did not want to live with him, that she prevented his returning to their home after an absence at work, that she "without cause . . . deserted" him, and that the desertion had "continued for more than three years" before the bringing of the divorce proceeding. [172]

LIBEL for divorce, filed in the Probate Court for the county of Bristol on November 9, 1959.

The case was heard by *Considine,* J.

*Ayres A. Sequeira,* for the libellee, submitted a brief.

No argument nor brief for the libellant.

WILKINS, C.J.   The libellee appeals from a decree nisi of divorce granted on the ground of desertion.   The evidence is not reported.   At the libellee's request, the judge made a report of the material facts found by him.   G. L. c. 215, § 11 (as amended through St. 1947, c. 365, § 3).   The entire report is as follows: "The libellant married the libellee in Portugal on January 30, 1954.   Shortly after the marriage they came to live in New Bedford in said Commonwealth.   The libellant obtained work in Connecticut and returned to his home on week ends, and continued to support his family.   The libellee without cause informed the libellant that she wanted him to leave the home; that she did not want to live with him.   However, the libellant continued to come home week ends.   On June 23, 1956, he returned from his work in Connecticut and found his clothing removed from the home.   The libellant insisted that he be admitted to the home.   The libellee called the police preventing his return.   I find that the libellee without cause has deserted the libellant and such desertion has continued for more than three years prior to the libel."

The libellee could have asked that the evidence be reported, or she could have presented a motion, supported if necessary by affidavits, for amplification of the report. *Colby* v. *Callahan,* 311 Mass. 727, 728.   She now complains that the report contains insufficient facts.   It is settled, however, that upon appeal from a decree, attack cannot be made upon the adequacy of the statement of material facts. *Sullivan* v. *Sullivan,* 320 Mass. 114, 115.   *Vergnani* v. *Vergnani,* 321 Mass. 699, 701–702.   The decree is not inconsistent with such findings as were made.   Nor was there need to detail facts explanatory of the negative finding, "without cause," which described the desertion.   This is the sketchy type of report which encourages avoidable ap-

peals. But, as we feel able "properly to adjudicate the subject matter," we shall not order a further report under G. L. c. 231, § 125A, inserted by St. 1949, c. 171, § 1. See *Reed* v. *Reed*, 340 Mass. 321. Cf. *Lawson* v. *Lawson*, 340 Mass. 781.

*Decree affirmed.*