CHARLES MANCUSO *vs.* FRANCESCA MANCUSO. January 18, 1974. This is an appeal from a decree of a Probate Court granting a divorce to the libellant and dismissing the libellee's separate support petition. The evidence is reported, and there is a report of material facts. The judge found, among other things, that "[i]n 1964 the libellee's mother and father came to live with the parties," that "[t]he libellee's brother would visit the parties nightly and the libellee's brother's wife would visit at least weekly," that in 1966 "the libellee's family 'had a reunion around the table,' and the libellant was 'left on the outside,'" that "[t]he libellant was systematically excluded from the gatherings by the libellee and her family," that frequent arguments arose between the parties, that "in 1967 the libellee 'cut off entirely' all sexual relations," that such refusal "was because of her lack of affection for the libellant," that "the libellant left the marital home in June 1967," and that "the libellant attempted . . . to return to the libellee but she refused to 'take [him]

back.' " The judge concluded that "the libellee's conduct was sufficient to cause the libellant to leave the home and was premeditated and deliberate," and granted the libellant a decree of divorce on the ground of desertion. *Moutinho* v. *Moutinho,* 342 Mass. 171, 172 (1961). The evidence supports the findings. The judge "apparently believed one spouse rather than the other. We cannot say that he was plainly wrong." *Wilde* v. *Wilde,* 350 Mass. 333, 334 (1966). *Krasner* v. *Krasner,* 362 Mass. 186, 188-189 (1972). The judge was not "required to believe the testimony of either of the parties." *Hamilton* v. *Hamilton,* 325 Mass. 278, 279 (1950). The decree is not inconsistent with the findings. *Moutinho* v. *Moutinho, supra,* at 172.

*Decree affirmed.*

*William E. Hickey* for the libellee.
*Peter M. Palica (A. Russell Lucid, Jr.,* with him) for the libellant.