BARBARA L. NEWMAN *vs.* SHELDON NEWMAN (and a companion case).
January 13, 1981. This case comes before us on the husband's appeal
from a judgment of a Probate Court ordering payment of alimony and a
division and distribution of property, and from an order of that court dis-
missing his complaint for divorce. We conclude that there was no error.

It is settled that G. L. c. 208, § 34 (as appearing in St. 1977, c. 467),
empowers probate judges incident to a divorce proceeding to employ
broad discretion when handling the myriad of different fact situations
which arise in reaching a fair financial settlement and in dealing with
property and its equitable division. *Rice* v. *Rice*, 372 Mass. 398, 401
(1977).

The probate judge meticulously and comprehensively set out his find-
ings reflecting consideration of all the mandatory and discretionary fac-
tors. See *Rice* v. *Rice, supra*. He also briefly summarized the evidence in
support of each of these findings. The judge then set out extensive addi-

tional findings in an effort to develop a more complete factual background in support of his analysis and conclusions. The amount of alimony and division of marital property is, after due consideration is given to the § 34 factors, well within the judge's discretion and will not be reversed unless those findings are "plainly wrong and excessive." *Rice* v. *Rice*, 372 Mass. at 402. *King* v. *King*, 373 Mass. 37, 40 (1977). *Bianco* v. *Bianco*, 371 Mass. 420, 422-423 (1976). We have examined the record in this case and found that it contains the required findings concerning each of the various statutory factors and criteria enumerated in § 34, and "clearly indicate[s] that [the judge] has weighed all the statutory considerations." *Bianco* v. *Bianco*, 371 Mass. 420, 423 (1976). We conclude that neither the alimony nor division of property award was plainly wrong or excessive.

The husband also contends that the judge erred by failing to make certain other findings regarding his contribution to the marital enterprise. This argument is without force. Under Mass.R.Dom.Rel.P. 52(b) the court may amend or make additional findings "upon a motion made not later than ten days after entry of judgment." The husband made no motion for additional findings. Compare *Rice* v. *Rice*, *supra* at 402.

The husband appears to make several other arguments independent of his claim that the judgment was defective because it was "not supported by the findings of fact and evidence presented." As to these contentions, we need say only that on this record the judge in assessing the credibility and weight of the husband's testimony could properly conclude that his testimony "lacked candor" with respect to his actions as a "straw" for his clients, his financial status, and his personal conduct. See *Mancuso* v. *Mancuso*, 1 Mass. App. Ct. 867, 868 (1973).

Even if the judge had believed the relevant portions of the husband's testimony, see *Mancuso* v. *Mancuso*, *supra*, on this record the judge could properly dismiss the husband's complaint for divorce. See *Silverman* v. *Silverman*, 5 Mass. App. Ct. 793 (1977). Contrast *Manning* v. *Manning*, 5 Mass. App. Ct. 795 (1977).

*Judgments affirmed.*

*Sheldon Newman,* pro se.
*Monroe L. Inker* for Barbara L. Newman.