JOSEPH R. MANCUSO *vs.* JUDITH A. MANCUSO. November 30, 1981. The husband has appealed from various orders and judgments of the Probate Court entered in connection with the adjudication of the parties' cross complaints for divorce and for a division of marital property. Some background to the controversy is reported in *Mancuso* v. *Mancuso*, 10 Mass. App. Ct. 395 (1980). There was no error.

1. The interlocutory order which directed the husband to transfer his interest in the marital home to the wife and authorized her to encumber the title to raise $5,000 for current expenses had as its purpose "to provide temporary support for the wife." *Mancuso* v. *Mancuso, supra* at 397. That order, by its terms, expressly reserved the question of the final disposition of the home for determination at "the hearing on the merits of the basic cause of action," and that question was adjudicated in the final judgments after the parties had been afforded the opportunity to litigate all issues pertinent thereto. The husband has not shown that this order, or the other interlocutory order (which increased the level of temporary support), affected the final judgments in any material respect. Nor has he shown any harm to him from the alleged procedural defects underlying the orders which could not have been remedied by his filing of timely motions to vacate or modify them. In these circumstances, we conclude that the interlocutory orders have no continuing relevance beyond the final judgments in the case (see *Demoulas Super Mkts., Inc.* v. *Peter's Mkt. Basket, Inc.,* 5 Mass. App. Ct. 750, 753 [1977]), and, as a consequence, that the issues now raised with respect to them need not be discussed.

2. The husband contends that the amounts established for alimony and child support are excessive and that the disposition of the marital property is improper because it in effect gave his wife all the assets and left him with all the liabilities. We disagree. The judge's detailed findings of fact reflect appropriate consideration of all the mandatory and discretionary factors enumerated in G. L. c. 208, § 34, in light of the case law thereon. See *Bianco* v. *Bianco,* 371 Mass. 420, 423 (1976); *Rice* v. *Rice,* 372 Mass. 398, 401 (1977); *Putnam* v. *Putnam,* 5 Mass. App. Ct. 10, 16-17 (1977); *Newman* v. *Newman,* 11 Mass. App. Ct. 903 (1981). By his orders, the judge sought to provide a home for the wife and children and to furnish them with adequate support commensurate with their previous standard of living, their needs, and the respective abilities of the spouses to earn income. The division of property, in addition to allocating personal property between the parties, retained for the husband his interests in numerous business ventures, and it took into account the husband's present and future earning capacity, including his demonstrated ability to earn income and acquire assets by employment in multiple fields, by business investments, and by the acquisition of capital assets. The orders also gave weight to the fact (as stated in the findings) that the husband's testimony "was fraught with deception in an attempt to hide from the [c]ourt his net worth and his ability to pay for the support of his [w]ife and children." The amount of alimony and support and the division of marital property rest, after due consideration is given to the § 34 factors, within the judge's discretion, and his determinations will not be set aside, unless those findings are "plainly wrong and excessive." *Newman* v. *Newman, supra* at 904, quoting from *Rice* v. *Rice,* 372 Mass. at 402. See *Angelone* v. *Angelone,* 9 Mass. App. Ct. 728, 729 (1980). None of the subject orders in this case is plainly

wrong or excessive. We note one other point. For reasons not explained in the record, fifteen months elapsed before findings in support of the § 34 orders were issued. There may have been a good reason for the delay which has not been brought to our attention. Nevertheless, it bears repeating that, when making an award under § 34 of alimony or of property in lieu of alimony, the judge, where the parties have not otherwise agreed in writing, "must make findings which show that he weighed all the statutory factors in reaching his decision, whether or not findings of fact are requested by a party pursuant to Rule 52(a) of the Massachusetts Rules of Domestic Relations Procedure." *King* v. *King*, 373 Mass. 37, 40 (1977). *Crossman* v. *Crossman*, 10 Mass. App. Ct. 839, 840 (1980), and cases cited. Unreasonable delay in explaining the grounds underlying the judgment will, among other consequences, breed disrespect for the judicial process, create unfounded doubts, and exacerbate tensions existing between the parties. We advise prompt attention to the preparation of the mandatory findings in order to provide the explanation the parties are entitled to, and to expedite the case to an orderly and informed conclusion. If the findings are delayed for reasons beyond the court's control, the parties should be so advised as soon as the reasons for the delay become apparent.

3. The judge properly denied the husband's motion for a new trial on the support and property division orders. The judge could well have found that the affidavit appended to the husband's motion presented no information which was likely to change the results. See *Swenson* v. *Wood, ante* 923, 924 (1981), and cases cited.

4. The judge was not required to stay the contempt proceedings because the husband had claimed an appeal from the property division orders in the judgment. The reasons stated in support of the motion seeking to disqualify the judge — i.e. counsel's dissatisfaction with the judge's ruling on the motion for a stay and with the merits of the property division — provide no basis for concluding that the judge could not hear the contempts impartially. That motion was properly denied. See *Commonwealth* v. *Cresta*, 3 Mass. App. Ct. 560, 565 (1975), and cases cited; *Fay* v. *Commonwealth*, 379 Mass. 498, 505-506 (1980). In the absence of any timely objection from the husband's counsel (Mass.R.Dom.Rel.P. 46 [1975]), we see no impropriety in the judge's questioning of the husband at the contempt proceedings. In our view, the proceedings sought, and obtained, an adjudication for civil contempt. See *Cherry* v. *Cherry*, 253 Mass. 172, 174 (1925); *Sodones* v. *Sodones*, 366 Mass. 121, 129-130 (1974). See also *Mills* v. *Mills*, 4 Mass. App. Ct. 273, 278 (1976). Even assuming that the standards discussed in *Furtado* v. *Furtado*, 380 Mass. 137, 151-152 (1980), might apply to a civil contempt proceeding, the examination gives no appearance of unfairness or indication of prejudice to the husband's rights. We note as well that claims similar to the ones now made were implicitly rejected by a single justice of this court who

denied the husband's petition for a stay. Finally, the judge properly overruled the objection of attorney-client privilege raised at the contempt hearing. See *Knowlton* v. *Fourth-Atl. Natl. Bank*, 264 Mass. 181, 196 (1928), and cases cited.

5. The husband's failures to remove liens against the marital home and to keep the mortgage and other obligations current, created a substantial risk that the home would be lost to the family by reason of foreclosure by the mortgagee or through seizure by creditors. In view of the likelihood of such a loss, we see nothing in Mass.R.Dom.Rel.P. 62 (1975), which would prevent the judge from requiring the husband's immediate compliance with the order directing conveyance of his interest in the home to the wife, or which would otherwise preclude the judge from holding the husband in contempt when he refused to obey that order. As already mentioned in part 4, *supra*, similar conclusions are implicit in the single justice's denial of relief from the finding of contempt.

The interlocutory orders are affirmed. The orders which denied the motion for a new trial, the motion for disqualification, the motion to stay those portions of the judgments which dealt with conveyance of the marital home, and the motion to stay the contempt proceedings are affirmed. The judgment of contempt is affirmed. The judgments nisi are affirmed.

*So ordered.*

*John S. McCann* for Joseph R. Mancuso.
*Arline S. Rotman* for Judith A. Mancuso.