MARY J. MEGHREBLIAN *vs.* ROBERT V. MEGHREBLIAN (and a companion case). April 7, 1982. In *Meghreblian* v. *Meghreblian,* 9 Mass. App. Ct. 889 (1980), we vacated those portions of the judgments of divorce which awarded the wife alimony because "the judge abused his discretion . . . in awarding the wife less (by some $4,500.00 a year) than the difference between the amount the wife can reasonably expect to earn from her employment and what the judge found to be the sum of her needs and those of the minor child." By a subsequent order by the panel who heard the appeal, docketed in this court on June 25, 1980, and transmitted on the same day to the Probate Court, we directed the judge designated to hear the cases to discharge the order of remand by "conducting a new trial on

the questions of alimony and child support so that new awards [may] be made in light of the present needs and circumstances of the parties." Hearings thereafter occurred before a judge other than the judge who heard the cases originally. At those proceedings, the parties indicated that they had agreed upon the question of child support, and that it need not be considered. The judge made findings pursuant to G. L. c. 208, § 34, as amended through St. 1977, c. 467, found that an alimony award of $610 per week was proper (the original award was $275 per week), and entered supplemental judgments on February 20, 1981, in both cases awarding alimony and readopting all the other provisions of the original judgments. By separate order, the judge allowed the wife's counsel fees and expenses in the sum of $6,000. The husband has appealed.

1. The husband's initial arguments are based on the notions that this court could not properly order determination of alimony based on the "present needs and circumstances of the parties," and that the judge, in making the new award, was bound by the original findings as to the needs and lifestyles of the parties. The fact that the only available evidence on the question of alimony was eighteen months old at the time of remand (and approximately twenty-five months old at the time of the further hearings) created an obvious need for evidence to update the parties' situations so that a reasoned and fair determination of the issue could be made. Upon retrial, the judge was not confined solely to the findings made by the first judge, especially those contained in original finding no. 5. The judge's statements that the alimony issue was not "back to square one" and that he would redetermine alimony on the "data . . . previously heard . . . with a reasonable update under all the [G. L. c.] 208, § 34 criteria" correctly reflected the nature of the hearing. It is also significant that the husband's counsel expressed the view several times during the hearing that the proceedings in fact resembled a modification. We conclude that the husband's present arguments about the scope of the rehearing are without merit. See *Milo* v. *Milo,* 3 Mass. App. Ct. 732 (1975); *Roberts* v. *Roberts,* 3 Mass. App. Ct. 789, 789-790 (1975). See also *Moran* v. *Moran,* 5 Mass. App. Ct. 787, 787-788 (1977); *Foster* v. *Foster,* 10 Mass. App. Ct. 829, 829-830 (1980).

2. The husband contends that the amount of alimony is excessive because it provides the wife with a higher standard of living than she had at the time of the dissolution of the marriage, and furnishes her with income greatly in excess of her needs. The judge's detailed findings of fact reflect appropriate consideration of all the mandatory and discretionary factors enumerated in G. L. c. 208, § 34, in light of the findings made by the judge who initially heard the cases, the evidence at the rehearing, and relevant case law. See *Bianco* v. *Bianco,* 371 Mass. 420, 423 (1976); *Rice* v. *Rice,* 372 Mass. 398, 401 (1977); *Putnam* v. *Putnam,* 5 Mass. App. Ct. 10, 16-17 (1977); *Newman* v. *Newman,* 11 Mass. App. Ct. 903 (1981); *Mancuso* v. *Mancuso,* 12 Mass. App. Ct. 973, 974 (1981). In making the

award, the judge took into consideration that the husband was an executive of a major corporation with a salary of $85,000 per year; that he had been paid bonuses of $35,000 in 1978, $40,000 in 1979, and $70,000 in 1980; that he had received under the company's "performance share plan" payments worth $80,000 in 1978 and $420,000 in 1980; that he had participated in the company's profit sharing plan and had received additional income from a family partnership; that his future earning capacity is excellent; and that his liabilities are quite manageable. The judge also considered that the wife earns approximately $17,000 per year as a social worker and guidance counselor for the Somerville school system; that her salary is supplemented by a small amount of rental income; that her chances for increasing her earnings are limited; and that her normal monthly expenses are sizeable in relationship to her income. The findings about the parties' stations in life are curiously phrased but are supported by the evidence. There is nothing in those findings which undermines the award or indicates that it is based on an unsound view of the law. Despite the husband's arguments about the wife's needs and her testimony with regard thereto, we find, after carefully reviewing the entire record, that the award could be found to be commensurate with her present needs, and that those needs were established with reasonable specificity. We note as well that the judge could have concluded that increases in the cost of living had placed a greater burden on the wife because of her lower income even though her income had increased slightly between 1979 and 1980, and that future increases in the cost of living could affect her to a much greater extent than the husband. See *Thomsen* v. *Thomsen,* 12 Mass. App. Ct. 1010, 1012 (1981), and cases cited. By simple arithmetic, the judge could also have concluded that the tax consequences of the alimony award would favor the husband more than the wife. Once due consideration has been given to the § 34 factors, the amount of alimony rests within the judge's discretion, and his determination will not be set aside, unless his findings are "plainly wrong and excessive." *Rice* v. *Rice, supra* at 402; *Newman* v. *Newman, supra* at 904. See *Angelone* v. *Angelone,* 9 Mass. App. Ct. 728, 729 (1980). Here the rationale underlying the decision is apparent. The award has adequate support in fact and law and cannot be found to be either plainly wrong or excessive.

3. The foregoing discussion answers the bulk of the husband's contentions as to the wife's testimony about her current needs. The remaining arguments addressed to that testimony and her statement of needs are without merit and need not be separately discussed.

4. The judge appears to have applied the correct criteria with respect to the motion for counsel fees and expenses, and he was able to observe at first hand the efforts of counsel. Awards in these cases require scrutiny of a considerable number of variables. See *Pemberton* v. *Pemberton,* 9 Mass. App. Ct. 9, 16-17 (1980). The amount of the award generally rests in sound judicial discretion, may be presumed to be right and ordinarily

ought not to be disturbed. While the "members of the present panel, had they severally sat on the matter below, might well have differed in the amounts they would have allowed . . . we are unanimous in concluding that the award made and objected to was within the range of reasonable discretion." *Id.* at 17-18.

The order entered on February 20, 1981, awarding counsel fees and expenses, is affirmed. The judgments entered on the same date are affirmed.

*So ordered.*

*Michael H. Riley (John J. Norton* with him) for Robert V. Meghreblian. *Gerald D. McLellan* for Mary J. Meghreblian.