In re A.J. LANE & CO., INC., Lane Homes, Inc., Indian Hill Associates, Inc., Lane Management, Inc., Debtors.

Stanley MILLER, Trustee, Plaintiff,

v.

Andrew J. LANE, Carolyn Lane, individually and as Trustees of the Jennifer Lane Irrevocable Trust and the Diane Lane Irrevocable Trust, Lodge Corp., A.J. Lane Development Corp., Paul A. Lane, Kathleen T. Lane, Stephen Lane, and Martin Hanley, Defendants.

Bankruptcy Nos. 89–40268–JFQ to 89–40270–JFQ and 89–40387–JFQ.
Adv. No. 92–4208.

United States Bankruptcy Court,
D. Massachusetts.

June 6, 1994.

Charles R. Dougherty, Hill & Barlow, Boston, MA, for Andrew J. Lane, Carolyn Lane, Lodge Corp., A.J. Lane Development Corp. and Stephen Lane, defendants.

Raymond A. Desautels, Oxford, MA, for Paul A. and Kathleen T. Lane, defendants.

Charles Swartwood, Mountain, Dearborn & Whiting, Worcester, MA, for Martin Hanley, defendant.

David B. Madoff, Cohn & Kelakos, Boston, MA, for Stanley Miller, plaintiff.

## OPINION

JAMES F. QUEENAN, Jr., Chief Judge.

Stanley Miller (the "Trustee") has filed two motions for summary judgment under the Trustee's multi-count complaint against numerous defendants. One motion concerns Counts 8 and 9 against Martin Hanley ("Hanley"), and the other concerns Counts 32 and 33 against Paul Lane and his wife Kathleen Lane (the "Lanes"). Paul Lane is the brother of Andrew J. Lane (the "Debtor"),

one of the affiliated debtors. For the reasons set forth below, I deny both motions and instead grant summary judgment for the defendants on these counts.

As we shall see, dates are important in this matter. The affiliated debtors commenced their chapter 11 cases by petitions filed on March 24, 1989. On May 17, 1990, the court approved the Trustee's appointment as chapter 11 trustee of A.J. Lane Co., Inc., Lane Homes, Inc., Lane Management, Inc. and Indian Hill Associates, Inc. On October 29, 1990, the court approved the Trustee's appointment as chapter 11 trustee of Andrew J. Lane and Fountainhead Associates of Westborough. On January 18, 1991, Andrew J. Lane and Fountainhead Associates of Westborough's First Amended Plan of Reorganization was confirmed. Pursuant to the Plan, Andrew J. Lane retained certain real and personal property. He transferred all other assets and claims, including the claims litigated here, to Lane Management, Inc.'s estate. It is in his capacity as trustee of Lane Management, Inc. that the Trustee brings this adversary proceeding. The Trustee commenced the present proceeding on September 17, 1992.

### Counts 8 and 9 Against Hanley

█ In Count 9 of the complaint, the Trustee seeks to recover from Hanley $50,000 transferred by the Debtor to Hanley in June of 1990 without approval of the court. The Trustee contends this is an unauthorized postpetition transfer recoverable under section 549 of the Bankruptcy Code. The transfer was made to enable Hanley to provide a $50,000 deposit under a purchase and sales agreement entered into in that month between Hanley and certain nondebtor entities which were entirely owned by the Debtor. The agreement concerned property known as the Holden Hills Golf Course. In signing the agreement, Hanley was acting pursuant to a joint venture with the Debtor under which the Debtor was to provide the deposit and arrange the financing, and Hanley was to manage the property. The Debtor was thereafter unable to obtain financing and the deposit was forfeited to the sellers for the benefit of the Trustee in his capacity as trustee of the Debtor's personal bankruptcy estate.

In his opposition to the motion, Hanley relies in part upon the statute of limitations contained in section 549 requiring that any action under the section be commenced prior to the earlier of the expiration of two years after the transfer in question or the date when the case is closed.

█ The present complaint was undeniably filed more than two years after the $50,000 transfer to Hanley. The case has obviously not been closed. The Trustee contends, however, that the limitation period has been tolled by reason of the Debtor's concealment of the transfer. Under the equitable doctrine of tolling, when a plaintiff has been injured by fraud and "remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party." *Bailey v. Glover*, 21 Wall. 342, 348, 22 L.Ed. 636 (1875). The Supreme Court later extended the equitable tolling doctrine when it stated it is "read into every federal statute of limitation." *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946). Therefore, the equitable tolling doctrine, although still a limited doctrine, tolls the statute of limitations with regard to federally created causes of action sounding in fraud as well as federally created causes of action which have been fraudulently concealed. *Dyer v. Eastern Trust and Banking Co.*, 336 F.Supp. 890, 901 (D. Maine 1971); *In re Bennett*, 133 B.R. 374, 380 (Bankr.N.D. Tx. 1991).

In the present action, the complaint seeks recovery of an unauthorized postpetition transfer which the Trustee alleges was fraudulently concealed. But the affidavit proffered by the Trustee asserts no fraudulent concealment. The Trustee merely states: "Approximately one week prior to May 1, 1992, I received information from [the Debtor] concerning previously undisclosed activity in bank accounts of the Debtors. I had been previously unaware of certain undisclosed activity in the accounts which had been controlled by [the Debtor] as debtor-in-posses-

sion." The Trustee goes on to state an employee of the Debtor informed the Trustee that the reason for the $50,000 bank account withdrawal was to make the transfer to Hanley pursuant to Hanley's joint venture with the Debtor. The Trustee concludes: "Because I did not know the nature of the activity carried on by [the Debtor] with respect to the accounts, I could not have reasonably discovered the transfer to Martin Hanley, until the account information was disclosed." At most, this affidavit establishes only that the Trustee was unaware of the transfer until May of 1990. It asserts no fraudulent act on the part of the Debtor, of concealment or otherwise. Indeed, the affidavit points in the other direction when it states the Debtor, through an employee, supplied the Trustee with information concerning the transfer and the reason for it. Moreover, the same employee of the Debtor states in his own affidavit that the Trustee was aware of the Debtor's involvement in the anticipated purchase of the golf course.

The Debtor's own affidavit is equally telling. It states that the bank account in question was reported by the Debtor in his statements and schedules filed in his bankruptcy case. To counteract this, the Trustee relies only upon an assertion, without supporting affidavits, that the withdrawal was concealed through the failure to report it in the periodic reports filed with the office of the United States trustee. That is insufficient. Not only is the assertion unsupported by an affidavit, there is no indication that the omission constituted fraudulent concealment.

■ Count 8 seeks to recover the $50,000 from Hanley pursuant to section 542 of the Code, which requires a party (other than a custodian) to deliver to a trustee property in his "possession, custody, or control during the case . . . that the trustee may use, sell, or lease under section 363 of this title. . . ." Because the property sought to be turned over was acquired as the result of a postpetition transfer, this cause of action necessarily depends upon the Trustee's ability to recover the transfer under section 549. It must therefore fail for the same reason.

■ Count 8 is deficient for an additional reason. The Debtor's bankruptcy estate, not Hanley, now has the property. The $50,000 is traceable to the deposit which has been forfeited to entities owned by the estate. Even if the two transactions are regarded as distinct, equitable principles operate against the Trustee. In the final analysis, the estate has not been damaged.

### Counts 32 and 33 Against the Lanes

■ Count 33 against the Lanes also seeks recovery of unauthorized postpetition transfers. It concerns land in Oxford, Connecticut purchased in 1984 in the names of the Debtor, his brother Paul and Paul's wife Kathleen (Paul and Kathleen being referred to here as the "Lanes"). The deed granted the Debtor a one-half interest in the property, and each of the Lanes a one-quarter interest. On May 14, 1990, without court authorization, the Debtor executed and delivered to the Lanes two deeds of those portions of the Oxford property remaining unsold. The Trustee alleges these transfers are recoverable under section 549.

Count 33 must also fail because of the two year statute of limitations contained in section 549. Here again, the cause of action is not for fraud. And, again, there was no fraudulent concealment of the transfer. The deeds were recorded and thus made a matter of public record. The Trustee contends there was concealment because the Debtor never reported any interest in the Oxford property in his statements and schedules filed with this court. But at most that would constitute concealment of his interest in the property, not concealment of the transfer.

Other grounds support dismissal of Count 33. The Debtor in his affidavit, and the Lanes in their deposition, state in substance the following: Acting under an oral agreement, the Debtor loaned the Lanes approximately $58,000 to enable them to acquire a 100% beneficial interest in the Oxford property. The Debtor's name was put on the deed to provide him security for the repayment of the $58,000 loan and to assist the Lanes in obtaining bank financing. The Debtor agreed to remove his name from the title once the funds were repaid. The Debtor further agreed not to share in any profits that might be made in developing the property. By May of 1990, the Debtor had been

repaid the entire $58,000 from proceeds of sales of portions of the Oxford property. Acting pursuant to his agreement, the Debtor deeded the remaining Oxford property to the Lanes.

■ The Trustee does not contest the truth of these statements. The Trustee instead relies upon the statute of frauds requiring that a contract for the sale of real estate be in writing. But there was no contract for the sale of a beneficial interest in real estate. The parties intended from the beginning that the Debtor would have no beneficial interest in the property, only a security interest. The statute of frauds is no bar to establishing that a deed purporting to transfer beneficial ownership was intended merely as security. *Allen v. Mutual Acceptance Corp.*, 350 Mass. 553, 554, 215 N.E.2d 784 (1966) citing, *Murley v. Murley*, 334 Mass. 627, 630, 137 N.E.2d 909 (1956); Restatement, Restitution, § 182, comment d (1937).

■ Moreover, even if the Debtor's interest were regarded as beneficial ownership, the agreement is taken out of the statute of frauds by reason of its performances. *Dunham v. Dunham*, 204 Conn. 303, 315, 528 A.2d 1123 (1987); *Dulara Building & Investment Corp. v. Boston Five Mortgage Corp.*, 1993 WL 57611 (Conn.Super.) citing, *Ubysz v. DiPietro*, 185 Conn. 47, 54, 440 A.2d 830 (1981).

■ Finally, to permit the Trustee to recover would unjustly enrich the estate. The Lanes' affidavit discloses that since 1984 they developed and subdivided the property, constructed a road and made substantial other improvements. The Lanes alone paid for all of this.

Count 32 against the Lanes under section 542 of the Code must fail for the same reason Count 8 against Hanley fails. It is dependent upon a failed section 549 Count. And Count 32 is insufficient for an additional reason. Section 542 prohibits recovery if the property in question is of "inconsequential value or benefit to the estate." Having received repayment of his $58,000, Lane's security interest expired and thus became valueless.

### CONCLUSION

In summary, the parties' affidavits and other supporting material indicates no genuine issue of material fact concerning equitable tolling of the two year statute of limitations governing the counts under section 549. Those counts are hence time-barred. The section 542 counts fail because they are dependent upon the section 549 counts. The undisputed facts also disclose other defenses to the section 542 counts.

All four counts must therefore be dismissed. Summary judgment may be entered for the nonmoving party when the documents supporting the motion and opposition show no genuine issue of material fact and that the nonmoving party is entitled to judgment as a matter of law. *Supreme Beef Processors, Inc. v. Yaquinto (In re Caravan Refrigerated Cargo, Inc.)*, 864 F.2d 388, 393 (5th Cir.1989); *National Expositions, Inc. v. Crowley Maritime Corp.*, 824 F.2d 131, 133 (1st Cir.1987); *Quincy Co–Operative Bank v. A.G. Edwards & Sons, Inc.*, 655 F.Supp. 78, 88 (D.Mass. 1986). *See also* 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure: Civil 2d*, § 2720 at 30 (granting of summary judgment in favor of the nonmoving party absent a cross-motion furthers the objective of Rule 56 to expedite the disposition of cases).

For the foregoing reasons, a separate judgment has issued dismissing Counts 8, 9, 32 and 33.

### JUDGMENT

Stanley Miller, the chapter 11 trustee in these proceedings, has filed two motions seeking summary judgment on Counts 8, 9, 32 and 33 of the complaint. The court having today issued a opinion containing separate findings and conclusions on the matter, in accordance therewith, it is

ORDERED AND ADJUDGED that Counts 8, 9, 32 and 33 be and they hereby are dismissed with prejudice.