CHARLES G. RUTTER *vs.* WILLIAM P. WHITE & others.
WILLIAM J. CARROLL *vs.* SAME.

Essex.    November 3, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Lawrence.* *Statute,* Construction.

Section 2 of St. 1891, c. 276, providing that one engineer of the board of engineers of the fire department of Lawrence " shall be annually appointed by the mayor in the month of April, subject to confirmation by the aldermen, for the term of three years from the first Monday in May next following and until his successor shall be confirmed, to take the place of the member of said board of engineers whose term of office next expires," so far as the time of such appointment is concerned, is directory although it is mandatory in form; and if the mayor on April 12 appoints one to be an engineer whom the aldermen at a meeting in April refuse to confirm, and between April 12 and May 24 there are two regular and five special sessions of the aldermen but no action is taken by the mayor in reference to a new appointment, but on May 24 he makes an appointment which is confirmed by the aldermen, the appointee of May 24 becomes an engineer in place of him whose term expired on the first Monday in May but who held over until his successor was appointed.

PETITIONS, filed on June 18, 1909, for writs of mandamus commanding the mayor and aldermen of Lawrence to restore the petitioners to the positions respectively of chief engineer and of a member of the board of engineers of the fire department of Lawrence, and commanding the persons who then held those offices to surrender them.

The cases were heard on the petitions and answers and agreed statements of facts by *Morton,* J., who reserved them for determination by the full court.

*J. P. Sweeney,* for the petitioners.

*J. J. Donovan, (F. N. Chandler* with him,) for the respondents.

MORTON, J.    These are petitions to try the titles to the offices of chief engineer and assistant engineer of the board of

engineers of the fire department of the city of Lawrence. The cases were reserved on the petitions and answers and agreed facts for the full court.

The fire department of Lawrence was established by St. 1891, c. 276. The first section of the statute provides what the department shall consist of, namely, a chief engineer and two assistant engineers and such number of fire companies as may be designated. By § 2 it is provided that " The chief engineer shall be appointed by the mayor for three years, the first assistant for two years, and the second assistant for one year, subject to confirmation by the aldermen, to hold office, unless sooner removed for cause, from the first Monday in May of the present year and until their respective successors shall be confirmed. After the present year one engineer shall be annually appointed by the mayor in the month of April, subject to confirmation by the aldermen, for the term of three years from the first Monday in May next following and until his successor shall be confirmed, to take the place of the member of said board of engineers whose term of office next expires. . . . Vacancies in said board shall be filled by the mayor for the unexpired term, subject to the approval of the aldermen."

The petitioner Rutter was appointed and confirmed chief engineer on the first day of April, 1900, for a term of three years from the first Monday of May next following, and was reappointed and confirmed for successive periods of three years, the last appointment expiring April 30, 1909, upon the appointment and confirmation of his successor. On April 12, 1909, one Hall was appointed by the mayor, but the appointment was not confirmed by the aldermen. On May 24, 1909, the respondent Hamilton was appointed chief engineer. His appointment was confirmed, he took the oath, and has since held the office of chief engineer and is now acting as such.

The petitioner Carroll was appointed and confirmed on December 11, 1906, to fill a vacancy which expired April 30, 1908, and until his successor should be appointed and confirmed. On December 28, 1908, one Evans was appointed by the mayor to succeed the petitioner, but the appointment was not confirmed. On April 5, 1909, the respondent McCreadie was appointed to succeed Carroll, and this appointment also was not confirmed by

the aldermen. On May 24, 1909, the respondent McCreadie was again appointed by the mayor and the appointment was confirmed. McCreadie thereupon took the oath and has since held and is now performing the duties of the office.

Between April 5 and April 12, 1909, when appointments were made by the mayor which were not confirmed by the aldermen, and May 24, 1909, when, as already stated, the respondents Hamilton and McCreadie were appointed and confirmed, there were two regular sessions and five special sessions of the aldermen, but no action was taken at any of them by the mayor in reference to appointments to the board of engineers.

The petitioners contend that the provision for appointment by the mayor in the month of April is mandatory and operates as a limitation upon the power of the mayor to appoint, and renders an appointment at any other time than during the month of April illegal and void. The respondents contend that the provision is merely directory, and that an appointment made at any other time is valid.

It is to be observed that there are no negative words in the statute prohibiting an appointment at any other time than in the month of April, and by providing for the holding over of those in office until such time as their successors shall have been confirmed, the Legislature would seem almost necessarily to have contemplated that appointments could be made after the month of April had expired, and therefore to have intended that the provision for appointments in the month of April should be regarded as directory rather than as mandatory. Unless that be so it is difficult to see how effect can be given to the provision in regard to holding over. Moreover, even if the mayor should appoint as provided, in the month of April, the aldermen might fail for one reason or another to confirm and might finally refuse altogether when too late for the mayor to make another appointment during that month, with the result that, if the statute be regarded as mandatory, the one in office would hold over for another term ; and there would be a possibility that the same thing might be repeated at the end of that term, and so on indefinitely. A construction which led or might lead to such a result would be manifestly absurd.

The fact that the statute is peremptory in form is by no

means decisive as to the construction to be adopted, (*Suburban Light & Power Co.* v. *Aldermen of Boston*, 153 Mass. 200 ; *Clemens Electrical Maunf. Co.* v. *Walton*, 168 Mass. 304,) and there are no considerations of public policy which require that it should be construed as mandatory rather than directory. Neither is the fact that there may be more than one incumbent during the same term decisive. The essential thing is that there shall be a board competent at all times to act, and whether it is constituted in part of those whose terms of office have not expired and in part of those who are holding over is immaterial. We think that the statute should be regarded as directory rather than mandatory.

The result of holding the statute directory is that the power of appointment given to the mayor is to be exercised by him as and when provided by the statute, but that if for any reason an appointment is not made by him during the month of April as directed, but at some later time, it nevertheless will be a valid appointment. It follows that the delay in the appointment of a successor to Carroll from April to December, 1908, and then to the following May, did not operate to render the appointment of the respondent McCreadie illegal and void. For the same reasons the fact that there were several meetings of the aldermen between the dates of April 5 and 12, 1909, and May 24, at which action could perhaps have been taken by the mayor in regard to the appointments to the board of engineers, but was not taken, can have no effect upon the validity of the appointments of the respondents Hamilton and McCreadie.

The question as to what constitutes a directory provision in a statute was recently before this court in *Cheney* v. *Coughlin*, 201 Mass. 204, 211. The statute which was the subject of consideration in that case was, it is true, permissive in form. But we think that the cases now before us come within the cases and authorities referred to in the opinion in that case. See also Sedgwick, Stat. & Const. Law, (2d ed.) 316 *et seq.*

*Petitions dismissed.*