BESSIE GRAMMENOS & others *vs.* CHARLES M. ZOLOTAS & another.

Essex. November 5, 1969. — January 14, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Unlawful Interference. Pleading, Civil,* Declaration.

The declaration in an action by the parents of a minor daughter and by her set forth causes of action for unlawful interference where counts by the parents against a credit union and its president alleged that the daughter's prospective husband contracted to repay her parents for expenditures made by them in connection with the marriage and the establishment of a marital domicil, that for such reimbursement he, after the marriage, changed a deposit in the credit union into an account in his name "and/or" the daughter's name and delivered the passbook to her parents, and that the credit union's president, and the credit union acting through him, "intentionally, unlawfully and maliciously induced" the daughter's husband to break his contract with her parents and delivered to him all the money deposited in the account, whereupon he left her and disappeared; and a count by the daughter against the president alleged that he, knowing that the deposit contract between the credit union and her and her husband provided that no withdrawal should be made from the deposit with-

out presentation of the passbook, "unlawfully, wrongfully and maliciously" induced the credit union to break such contract by paying out all the money on deposit to the husband although he did not present the passbook. [597]

The declaration in an action containing counts for different causes of action was not demurrable as multifarious where the counts belonged to the same division of actions. [598]

TORT. Writ in the Superior Court dated January 2, 1968. The action was heard by *Ford,* J., on demurrers.

*Katherine Liacos Izzo & Paul J. Liacos,* for the plaintiffs, submitted a brief.

REARDON, J. In this action of tort the plaintiffs Chris P. Kentros and Pauline Kentros seek to recover damages for tortious interference with contractual relations against both defendants, and the plaintiff Bessie Grammenos seeks a similar recovery against the defendant Charles M. Zolotas. The demurrers of both defendants to an amended declaration were sustained. The demurrers are based on the following: (1) the failure of the three counts in the amended declaration to set out the cause of action; (2) the failure in the three counts to set out "the words or acts or the substance of the words or acts alleged to have been made" by the defendants which induced the contract breach; (3) no count indicated a duty or violation of any duty of the defendants to the plaintiffs; (4) the plaintiffs' amended declaration was multifarious; (5) none of the counts stated concisely and with substantial certainty the facts necessary to support a cause of action; and (6) the amended declaration was essentially the same as that considered by the court in sustaining the demurrers to the original declaration. All the plaintiffs appeal from the order sustaining the demurrer of the defendant Zolotas, and the plaintiffs Kentros appeal from the order sustaining the demurrer of the defendant Hellenic Credit Union.

The declaration is summarized as follows. Bessie Kentros, the minor daughter of Chris P. Kentros and Pauline Kentros, became engaged to marry Philip Grammenos. She was underage. Philip Grammenos, not legally admitted to the United States under the immigration laws, asked consent of

the parents to marry Bessie. The Kentros agreed to provide Philip with a sum of money to assist in establishing a marital domicil. After some negotiation with Philip he promised he would cause a passbook representing a deposit in excess of $5,000 in the Hellenic Credit Union to be modified so that it would be a joint account in the name of himself and his wife. He further promised to deliver the passbook to the plaintiffs Kentros so that no withdrawal could be made by him except as they might allow it, the purposes of this being the repayment of sums expended by them for the expenses of the marriage and a guaranty in the event of any immigration difficulties in which Philip might find himself. The marriage was agreed to and it took place. The plaintiffs Kentros expended sums of money on the marriage and the establishment of a marital domicil. Philip did go to the Hellenic Credit Union with his wife and her mother and caused a change in the passbook account standing in his name to be made, the new title of the account being "Philip and/or Bessie Grammenos." Philip thereupon delivered the passbook to the plaintiffs Kentros. In counts 1 and 2 of the declaration the plaintiffs Kentros allege that Zolotas acting individually, and the Hellenic Credit Union acting through him as its president, he knowing the terms and conditions of the contract between the plaintiffs Kentros and Philip and what had transpired relative to the marriage and delivery of the passbook and of the illegal entry into the United States of Philip, "intentionally, unlawfully and maliciously induced" Philip to break his contract with the plaintiffs Kentros and delivered to him all money deposited in the account even though he did not present the passbook as required by the contract of deposit, that such conduct of Zolotas individually and of the Hellenic Credit Union constituted a wrongful interference with the contract between Philip and the plaintiffs Kentros, and that thereafter Philip left Bessie and disappeared. In count 3 of the declaration Bessie alleges that she and her husband Philip entered into a contract with the Hellenic Credit Union respecting a deposit in the name of "Philip and/or Bessie

Grammenos," whereby it was agreed that no payment or withdrawal could be made from said account without "presentation and possession. of the passbook," and that Zolotas, knowing all of the terms and conditions of said contract, "unlawfully, wrongfully and maliciously" induced the Hellenic Credit Union to break said contract and to pay to Philip all the money deposited in said account even though Philip did not present nor have in his possession the passbook as required by said contract.

"The facts well pleaded and only the necessary inferences from those facts are admitted by a demurrer." *Monach* v. *Koslowski*, 322 Mass. 466, 468, and cases cited. *Becker* v. *Calnan*, 313 Mass. 625, 630. What the declaration in several counts has stated is malicious inducement of Philip to break his contract with the plaintiffs Kentros and of the Hellenic Credit Union to break its contract with Bessie and Philip. It is well settled that it is actionable maliciously to induce another to break his contract. *Wheeler-Stenzel Co.* v. *American Window Glass Co.* 202 Mass. 471, 473. *Anderson* v. *Moskovitz*, 260 Mass. 523, 526. Further, a person knowing of a contract is under a duty to refrain from interfering with it. *Anderson* v. *Moskovitz, supra. Moran* v. *Dunphy*, 177 Mass. 485, 487. The three counts of the declaration set out the existence of a contractual relationship between the plaintiffs Kentros and Philip and between Bessie and Philip and the Hellenic Credit Union, and interference with that relationship intentionally, maliciously and unlawfully by the defendants. If such interference was intentional and without lawful justification it was malicious in law although it arose from good motives and without express malice. *Walker* v. *Cronin*, 107 Mass. 555, 562. *Berry* v. *Donovan*, 188 Mass. 353, 356.

Although it is necessary to set out in the declaration the substance of false statements when they are the means by which a party to a contract was induced to break it, no such necessity exists in the present case where there is no allegation of any false statements. *Moran* v. *Dunphy, supra*, at pages 486–488.

The declaration cannot be stated to be multifarious since
it dealt with certain counts for different causes of action
which belong to the same division of actions. See G. L.
c. 231, § 7, Fifth; *Vigoda* v. *Barton*, 338 Mass. 302, 304-305.
In our view each count of the declaration states concisely
and with substantial certainty the facts necessary to support
a cause of action.

The orders sustaining the demurrers are reversed. Orders
overruling the demurrers are to be entered.

*So ordered.*