ROBERT W. WARMAN *vs*. RUBY I. WARMAN.

Worcester. September 10, 1985. — November 5, 1985.

Present: BROWN, KASS, & WARNER, JJ.

*Divorce and Separation*, Division of property. *Probate Court*, Findings by
    judge. *Words*, "Shall."

The judge who made an equitable division of property between a husband
    and wife under G.L. c. 208, § 34, gave adequate consideration to all
    statutory factors and criteria, and his findings, including the conclusion
    that the wife could reasonably expect continued employment, were sup-
    ported by the evidence and showed a proper exercise of discretion.
    [81-82]
The requirement of Mass.R.Dom.Rel.P. 52(a) (1975) that the judge making
    an equitable division of marital property under G.L. c. 208, § 34, shall
    enter his findings of fact and conclusions of law within sixty days of
    the filing of a notice of appeal was treated as directory only, rather than
    mandatory, so that failure by the judge who heard a divorce proceeding
    to comply with the sixty-day time limit did not necessitate remand by
    this court. [82-83]

COMPLAINT for divorce filed in the Worcester Division of
the Probate and Family Court Department on May 18, 1983.
    The case was heard by *William J. McManus*, J.
    The case was submitted on briefs.
    *Terrence J. Daley & Margaret R. Reardon* for the plaintiff.
    *Roy S. Mier* for the defendant.
    BROWN, J. The wife has appealed from a judgment entered
in a Probate Court dismissing her complaint for divorce and
granting the husband a divorce on his cross complaint. She
also claims the judgment is flawed because the judge failed to
make findings of fact and conclusions of law within sixty days
of the filing of the notice of appeal from that judgment, as
required by a recent amendment to Mass.R.Dom.Rel.P. 52(a)
(1975).
    1. *Dismissal of the wife's complaint*. The trial judge found
that there was insufficient credible evidence to support a con-

clusion that the husband was guilty of cruel and abusive treatment. See *Silverman* v. *Silverman*, 5 Mass. App. Ct. 793 (1977). Compare *Crossman* v. *Crossman*, 10 Mass. App. Ct. 839 (1980). In light of that finding, we cannot say that the judge's actions in dismissing the wife's complaint and in granting a divorce on the husband's complaint were clearly erroneous. Contrast *Davisson* v. *Davisson*, 12 Mass. App. Ct. 420, 423-424 (1981).

2. *Consideration of § 34 factors.* The wife argues that the probate judge failed to consider all the mandatory factors for an equitable distribution of property under G.L. c. 208, § 34. In dividing marital property pursuant to G.L. c. 208, § 34, the judge must consider each of the enumerated criteria and various statutory factors for which evidence has been adduced. *Ross* v. *Ross*, 385 Mass. 30, 35-36 (1982). *Caldwell* v. *Caldwell*, 17 Mass. App. Ct. 1032 (1984). The weight to be given each of the factors falls within the broad discretion given a judge in framing a judgment under § 34. *Rice* v. *Rice*, 372 Mass. 398, 400-401 (1977). *Langerman* v. *Langerman*, 9 Mass. App. Ct. 869, 870 (1980). *Robbins* v. *Robbins*, 16 Mass. App. Ct. 576, 579 (1983). See also *Ross* v. *Ross*, 385 Mass. at 37 (where the court held that the probate judge had broad discretion in deciding how much weight should be given to the husband's conduct during the marriage). The judge's detailed findings reflect that he gave adequate consideration to all the relevant statutory factors and criteria.

The wife's primary contention is that the judge's findings of fact regarding the contributions and conduct of the parties are not supported by the evidence. We do not agree. Nor do we think, as the wife further asserts, that any alleged moral failing on her part was unwarrantably measured.

There was ample evidence in the record to support the judge's findings that the Quinsigamond Machine Company was a Warman family business and that the marital interest was acquired both through the husband's hard work and from his share in his father's estate. Much of the rental property was acquired with the help of the husband's parents, who extended him several loans. The husband labored arduously to make those

homes habitable and income producing. The record also reflects that the judge considered the wife's contribution as a homemaker to the family unit.

The judge properly could have determined that each of the parties was self-supporting. The judge found that during the marriage the wife obtained a college degree in social work (with marital funds), worked at several jobs, and operated and devoted much time to a business with her brother and a male friend. She was at the time of the trial employed as a social worker. Based on her college degree and current employment experience the judge warrantably concluded that she could look to continued employment. The judge did not abuse his discretion in the division of the marital property.

3. *The sixty-day provision in Mass.R.Dom.Rel.P. 52(a) (1975).* An amendment of rule 52(a), effective July 1, 1984, added, among other revisions, the following language: "Where the court enters judgment pursuant to G.L. c. 208, § 34, it shall issue findings of fact and conclusions of law thereon within sixty (60) days of the filing of a notice of appeal." Prior to the amendment our appellate courts had admonished judges to make their findings within a reasonable time "in order to provide the explanation the parties are entitled to, and to expedite the case to an orderly and informed conclusion." *Mancuso* v. *Mancuso*, 12 Mass. App. Ct. 973, 975 (1981), and cases cited. The amendment attempts to balance the burden placed on probate judges by a requirement that findings of fact and conclusions of law be made in every § 34 case against the necessity for such action when an appeal has been claimed. See *Rice* v. *Rice*, 372 Mass. 398, 401-403 (1977); *King* v. *King*, 373 Mass. 37, 40 (1977).

We recognize that the use of the word "shall" in the rule permits a mandatory construction. Although "shall" is commonly a word of imperative obligation (*Hashimi* v. *Kalil*, 388 Mass. 607, 609 [1983]), it does not inflexibly have that signification. *Globe Newspaper Co.* v. *Superior Court*, 379 Mass. 846, 862 (1980), citing *Swift* v. *Registrars of Voters of Quincy*, 281 Mass. 271, 276 (1932). Not infrequently, in order to effectuate a regulatory purpose, or to avoid an absurd result,

it has been construed as permissive or directory. See *Rutter v. White*, 204 Mass. 59 (1910); *Swift, supra.* See also *Meyers v. Commonwealth*, 363 Mass. 843, 846 (1973).

Here the sixty-day time limit must be regarded as directory. Any other interpretation would frustrate the purpose of the rule and lead to absurd results. If the rule were mandatory instead of directory, cases would be remanded and, perhaps even retried, solely because the factual findings were not timely. Moreover, because the remand in those circumstances would be for purely technical rather than substantive reasons, it is very likely that later made findings would be no different. Such a construction would not expedite litigation but prolong it, producing unnecessary delays in the courts and exacerbating the tensions of the parties to the divorce litigation.

As we have construed it, the rule empowers the reviewing court to remand cases or reverse judgments in situations where serious delays have caused hardship to the parties or have caused distorted results. The rule also sets a guideline (adopted by the probate judges themselves with the approval of the Supreme Judicial Court) by which administrative justices may measure the efficiency with which business in the Probate Courts is dispatched.

*Judgment affirmed.*