Sherman, P J.
The plaintiff, as Trustee of the Plaza Place Condominium Trust, ("the Trust”) instituted this G.L.c. 254, §5[3] action to enforce a G.L.c. 183, §6(c)[4] lien against the defendant’s condominiums for unpaid common area fees and expenses and related late charges in the amount of $65,296.00.
The defendant denied liability for most of the claimed indebtedness, and counterclaimed that theTrustees’ conduct after this suit was commenced constituted tortious interference with his contractual relationship with his condominium tenants.
The trial court found for the plaintiff in the amount of $53,000.00.
At trial there was evidence tending to show that: The defendant was the record owner of twenty-four (24) units in Building 22 of the Plaza Place Condominiums in Billerica, Massachusetts. Despite due demand by the condominium Trustees, the defendant failed to pay $48,688.00 in condominium fees and $6,408.00 in late assessments during the period January 1, 1990 through May 31, 1991. Itwas uncontroverted that the Trustees of the Plaza Place Condominium Trust were authorized by the Declaration of Trust and the Master Deed to assess condominium fees, to set the date by which unit owners were to pay such fees, and to determine the amount of any late *9 charges or penalties to be assessed for non-payment of fees.
On February 20, 1990, subsequent to the commencement of this action, the Trustees called a meeting of the tenants of the defendant’s 24 condominium units to discusstheirdirectpaymentofrenttotheTrustinsteadofthedefendant. OnFebruary 27, 1990, an attorney for the Trust forwarded a letter to the defendant’s tenants.[5] In July, 1990, agents or employees of the Trust removed the coin mechanisms from washer and dryer units in the common laundry room of Building 22. The defendant contended that, in consequence of these actions by theTrust, he lost tenants and rent in the amount of $96,000.00 during the period in question.
The defendant now claims to be aggrieved[6] by the court’s denial of his request for ruling of law number 7 which stated:
7. That the Trustees are barred from exercising any ‘self-help’ remedy against a delinquent unit owner other than proceeding in accordance with the provisions of G.L.c. 254, §5.
The defendant also charges the trial court with error in making the following ruling at the request of the plaintiff:
2. TheTrusteesoftheCondominiumTrust,created under M.G.L.c. 183A, are not foreclosed from exercising other legal remedies simply because of their rights to a lien for unpaid common charges against an offending owner, as provided in M.G.L.C. 183A, §6.
1. The defendant’s sole argument on this appeal pertains to his counterclaim.[7] He contends that the plaintiff-Trustees endeavored to utilize remedies beyond that specified in G.L.c. 183A, §6 (c) to collect the defendant’s unpaid condominium fees and penalties, and that such unlawful action constituted a tortious interference with his contractual relationships with his condominium tenants. We disagree. There was no error in the court’s denial of defendant’s request number 7[8] or its allowance of plaintiffs request number 2 as no provision of G.L.c. 183A either restricts a condominium trust’s legal remedies against a delinquent unit owner to the establishment and enforcement of a c. 183A, §6(c) lien, nor excludes or proscribes as unlawful any action taken by the Trustees herein.
*10 General Laws c. 183A, §1 et. seq. sets forth the Legislature’s scheme for condominium development and ownership in this Commonwealth, in which trusts or associations act for the benefit of all individual unit owners. G.Lc. 183A, §§10, 11. Glickman v. Brown, 21 Mass. App. Ct. 229, 236 (1985). Each owner of a condominium unit holds title to his or her unit separately, but shares liability with all other unit owners for taxes, maintenance expenses, repairs, improvements and services for the common areas. It is clear that the defendant herein, as an owner of 24 units, was legally obligated to comply with all condominium rules, regulations, by-laws and Master Deed provisions, including those requiring the timely payment of common area and other fees. G.L.c. 183A §4(3). Pursuant to c. 183A, §10(b)(1), the Trust was empowered to manage and deal with the condominium common areas and facilities. Both parties agree that the Trustees were authorized by the Master Deed and Declaration of Trust to assess common area fees and to impose penalties and late charges for unpaid fees.
One method for the collection of fees and penalties imposed by theTrust is setforth in G.L.c. 183A, §6(c) which creates a lien upon a condominium unit for an owner’s share of the common expenses, which lien is to be enforced in accordance with G.L.c. 254, §5. Nothing expressed or implied in Section 6(c) suggests, however, that the lien procedure was intended by the Legislature to constitute a condominium Trust’s exclusive remedy for the collection of unpaid fees. Other remedies are in fact included in the statute. Section 6(b) provides:
The unit owner shall be personally liable for all sums lawfully assessed for his share of the common expenses, [emphasis supplied].
Section 10(b) (4) empowers the condominium trust or association to “conduct litigation ... involving the common areas and facilities or arising out of the enforcement of the by-laws, administrative rules or restrictions or the Master Deed.” Ase. 183Athus permits a unit owner to be sued personally by the condominium trust or association for unpaid fees and charges, the Section 6(c) lien remedy is clearly not exclusive. Section 6 (c) creates an in rem procedure which may be employed in addition to other collection procedures available under common law or by statutory right.
There is no merit to the defendant’s contrary contention that because the word “shall” in Section 6 (c) and other provisions of G.L.c. 183A, see Barclay v. Deveau, 11 Mass. App. Ct. 236 (1981) [interpreting “shall” as mandatory in G.L.c. 183A § (10) ] is mandatory in nature, Section 6(c) was intended as the exclusive procedure for the collection of past due condominium fees. A legislative intention that the word “shall” is to be construed as permissive or mandatory may appear from the spirit or purpose of the act, orfrom the connection in which it is used or its relation to other parts of the same statute. Suburban Light & Power Co. v. Boston, 153 Mass. 200, 202 (1891); Rutter v. White, 204 Mass. 59, 62 (1910). The term “shall” in Section 6(c) is obviously mandatory to the extent that the unit owner’s property interest is made necessarily subject to a lien for unpaid condominium fees, and the trust or association is afforded an unconditional right to proceed against the unit owner’s property in accordance with G.L.c. 254, §5. However, given the existence of Section 6(b) and the general tenor of G.L.c. 183A, aconstruction of the term “shall” in Section 6 (c) as signifying an exclusive remedy would contravene elementary canons of statutory construction. These canons dictate that no portion of a statute should be deemed surplusage, and all sections must be reconciled so as to achieve a harmonious interpretation of the statute asawhole. Hite v. Hite, 301 Mass. 294 (1938). Our construction of Section 6(c) asonly one, rather than the exclusive, remedy for the collection of unpaid fees is also consistent with the general view of G.L.c. 183A as a codification of “the minimum requirements” for the establishment of condominiums, which leaves matters not specifically addressed by statute to be arranged by the involved parties. Tosney v. *11 Chelmsford, Village Condo. Assoc., 397 Mass. 683, 686-687 (1988).
2. As G.L.c. 183A, §6(c) does not set forth an exclusive remedy for the recovery of unpaid condominium fees and charges, the Trustees’ actions herein were not per se unlawful merely because they exceeded the scope of foreclosing their lien on the defendant’s units. The remaining issue is whether such action was nevertheless tortious so as to render the Trustees’ liable for interfering with the defendant’s business relationship with his tenants.
To recover on his counterclaim, the defendant was required to demonstrate by a preponderance of the evidence that the Trustees, without privilege or legal justification, intentionally engaged in improper conduct designed to induce the defendanf s tenants to discontinue their business relationship with him, thereby causing a direct financial loss to the defendant. RESTATEMENT TORTS, §766; Comey v. Hill, 387 Mass. 11 (1982); Owens v. Williams, 322 Mass. 356, 360 (1948); Ryan, Elliott & Co. v. Legatt, McCall & Werner, 8 Mass. App. Ct. 686, 689 (1979). It is clear that the Trustees’ action was legally justified as it was undertaken in the proper discharge of a duty owed to all Plaza Place Condominium unit owners to collect all assessed fees essential for the management and maintenance of the common areas.
The report is devoid of any suggestion that the Trustees’ privilege was vitiated by malice or malevolence, see Grammenos v. Zolotas, 356 Mass. 594, 597 (1970); Steranko v. Inforex, Inc., 5 Mass. App. Ct. 253, 273 (1977), or that they acted with an improper motive or employed improper means. United Truck Leasing Corp. v. Geltman, 406 Mass. 811, 816-817 (1990). The Trustees’ options were limited. They had already instituted this action to foreclose on their c. 183A, §6 (c) lien on the defendant’s units. They could not reach and apply rents due to the defendant because the District Court has no jurisdiction in G.L.c. 212, §3(6) proceedings.[9] Even the ultimate success of their foreclosure action may have resulted in nothing more than the acquisition of an interest in real estate with little orno equity value because of the properties’ mortgage encumbrances. In the interim, the defendant’s arrearages were increasing with a proportionate detrimental impact on the payment of condominium expenses and the maintenance of common areas. In contacting the defendant’s tenants, apprising them of his delinquent status and soliciting their direct payment of rent into an escrow account, the Trustees properly pursued, in good faith, a sound business approach to safeguarding their own legitimate interests and those of the Plaza Place unit owners.
Finally, the defendant’s complaint about the removal of coin mechanisms from the laundry machines was not actionable. The report does not disclose what effect, if any, such action had on the defendanf s tenants as opposed to all other unit owners sharing the same common laundry facility. There was no evidence that the removal of the laundry coin mechanisms was unreasonable, or caused any loss to the defendant.
*12 Accordingly, the trial court’s judgment[10] for the plaintiff on both the complaint and the defendant’s counterclaim is hereby affirmed.
Report dismissed.

 General Laws c. 254, §5 provides in relevant part “A lien... established... under section 6 of chapter 183A... shall be enforced by a civil action brought in the superior court for the county where such land lies or in the district court in the judicial district where such land lies.” The Legislature amended the statute in 1989 to include district court jurisdiction because of delays in the superior court.

 General Laws c. 183A, §6(c) provides in relevant part: “The unit owner’s share of the common expenses shall constitute a lien upon his unit and shall be enforced in the manner provided in section 5 of chapter 254.

 The letter in question was not made a part of the report to this Division. The letter purportedly reiterated information conveyed at the earlier meeting; namely, that the common expenses for the tenants’ units had not been paid by the defendant as owner and that the Trust had begun legal proceedings against the defendant. The letter also allegedly solicited payment by the tenants oftheirmonthly rental amountsinto an escrowaccountestablished by the plaintiff-Trustees.

 At oral arguments before this Division, the defendant waived all objections to the courts denial of five other requests for rulings by which the defendant had initially claimed to be aggrieved and which are set forth in the report.

 Thedefendant’scounterclaimwasinthreecountsfortheTrustees’breachoffiduciaryduty, misrepresentation and interference with a contractual relationship. At oral arguments before this Division, however, the defendant stipulated that the sole basis of his defense and counterclaim was the contention that because the Trustees had exceeded their statutory rights in engaging in activities beyond the scope of foreclosing their G.L.c. 183A, §6(c) lien, their unlawful conduct constituted an actionable interference with the contractual relationship between the defendants and the tenants of his condominium units.

 The defendant’s utilization in request number 7 of the term of art, “self-help remedies,” to characterize the Trastees’ actions is inappropriate and misleading, for the term carries connotations wholly irrelevant to the facts of this case. See, e.g., G.L.c. 184, §18. The Trustee’s actions herein were limited to informing the defendant’s tenants of his failure to pay fees on their units, advising them of this suit, and suggesting unsuccessfully that the tenants should pay rent directly to the Trust. None of the defendants tenants ever did so.

 Subsequent to oral arguments in this case, G.L.c. 183A, §6 was amended by the passage of “An Actto Protect Condominium Residents and Tenants,” §1584, c. 554. Effective March 1, 1992, upon notice to a condominium unit owner whose share of common expenses remains unpaid for 25 days, “the organization of unit owners may, as a separate and additional remedy... collectfrom any tenant renting the unit any rent then or thereafter due to the owner of such unit.” The delinquent unit owner is afforded the right to challenge the fees sought, and to seek judicial equitable relief. The Act further permits the organization to recover multiple damages and attorneys’ fees for any misrepresentation by the owner of the amount of arrearages owed, and affords a tenant the protections of G.L.c. 186, §18 and G.L.c. 239, §2Afor any retaliation by the unit owner. Most significantly, and consistent with previous judicial interpretations of the intended scope of G.L.c. 183A, the Act states that the condominium Master Deed, By-laws, rules and regulations take precedence over any inconsistent portion of G.L.c. 183A §§6(c),17, 18 and 19, and that such condominium agreements may be amended to “provide additional protection, remedies or rights for said organization” of unit owners.

 Nothing in the report indicates the method by which the trial court reduced the amount of the plaintiffs lien to $53,000.00. Based on our review of the defendant’s meritless counterclaim, and the lack of any contrary indication by the trial judge, we assume that the plaintiff failed to prove all of the claimed damages. In any event, the plaintiff has not claimed to be aggrieved by the trial court’s assessment of damages.