Spurlock, J.
M. Kellie Beaupre (“Plaintiff’), brought this action against Cliff Smith & Associates, Inc., Clifford F. Smith, Individually, Jeannine A. Smith, and Mark S. Smith seeking the equitable relief of reach and apply pursuant to G.L.c. 214, §3 (1992 ed. & Supp. 1997).
This matter is before the court on Cliff Smith & Associates, Inc.’s and Clifford Smith’s (“defendants”) motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(1), (3), (6), (7), (9) and Mass.R.Civ.P. 9(b). For reasons set forth below, the motion to dismiss the claim of reach and apply, pursuant to G.L.c. 214, §3, is allowed in part and denied in part.
FACTS
Plaintiff commenced an action against Cliff Smith & Associates, and Clifford Smith in the Middlesex County Superior Court on April 16, 1993. On July 7, 1995, the Court (Sosman, J.) allowed in part and denied in part Defendants’ motion for summary judgment.[2]
Prior to the commencement of the underlying civil action, Clifford Smith and his spouse, Jeannine Smith, were living apart. In September 1995, Jeannine Smith filed for divorce. In June 1996, Mr. Smith and Mrs. Smith executed a separation agreement. The Middlesex County Probate and Family Court granted a Judgment of Divorce Nisi, granting a divorce and ordering the parties to divide their property pursuant to the terms of the separation agreement. The division of assets included a distribution of a 5% portion of shares of stock from C.F. Smith & Associates, Inc. to their son Mark Smith.
A trial commenced in the civil action brought by Ms. Beaupre on November 18, 1996, which resulted in a jury verdict on December 9, 1996. The verdict was in favor of plaintiff against both defendants. The judgment on the civil action remains wholly unpaid. Plaintiff now seeks to reach and apply the assets of all defendants named herein to secure payment on her judgment.
DISCUSSION
Defendants move to dismiss plaintiffs claims to reach and apply, for, among other things, failure to state a claim upon which relief can be granted and failure to state fraud with particularity.[3] This court agrees with defendant and dismisses several prayers on various grounds.
*20 I. Failure to State a Claim
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
It appears beyond doubt that the plaintiff can prove no facts in support of her claim which would entitle her to relief. Nader, 372 Mass. at 98. Thus, construing the facts stated in plaintiffs complaint as true, the court finds that there are insufficient allegations that would support plaintiffs complaint to reach and apply defendants’ assets.
In order for plaintiff to have a valid action for reach and apply, the Superior Court must have jurisdiction. G.L.c. 214, §3. First, the property being reached and applied must be a “debt" within the meaning of G.L.c. 214, §3(6). Here, defendant Smith is not a “debtor" within that statute, and plaintiff is not a “creditor." Debt within the meaning of the statute does not apply to an action for damages. H.G. Kilbourne Co. v. Standard Stamp Affixer Co., 216 Mass. 118, 119 (1913). Specifically, a “debt” implies that there has been an obligation incurred through consideration. Id. Here, plaintiff is seeking to reach and apply to satisfy a judgment for damages, it is not an attempt to receive payment on a “debt.”
Second, plaintiff must show that the properly being reached is incapable of attachment, trustee process, or taken on execution. Massachusetts Elec. Co. v. Athol One, Inc., 391 Mass. 685 (1984). Plaintiff fails to demonstrate why defendants’ property described in plaintiffs complaint is incapable of attachment. Plaintiff is seeking to reach and apply numerous items of Smith’s personal and real property. To have a valid reach and apply action, the property must be intangible or an equitable interest. In re Osgood, 203 B.R. 865, 870 (D. Mass. 1997). Indeed, many of the items plaintiff seeks to reach and apply are items which are, in actuality, specifically subject to attachment or taken on execution. See New England Merchants Nat’l Bank v. Hoss, 356 Mass. 331 (1969); Rosenberg v. Robbins, 289 Mass. 402 (1935) (life insurance policy’s cash surrender value cannot be reached and applied); Schlesinger v. Sherman, 127 Mass. 206, 209 (1879) (rents due cannot be reached and applied); Thompson-Durkee Co. v. Express Plumbing & Heating Co., 1994 Mass.App.Div. 190 (items subject to trustee process cannot be reached and applied).
Based upon the interpretation of the word “debt,” and the requirement that the property reached and applied is incapable of being attached, this court finds that plaintiff has failed to state a claim upon which relief can be granted pursuant to Mass.R.Civ.P. 12(b)(6) as applied to prayers 1(a) (pension fund account); 1(b) (money due to Pension Fund account); [(c) (accounts receivable); 1(d), and (c) (motor vehicles); 2(a) (rents); 2(b), (h), (i) (bank accounts), 2(c), (c) (real property); 2(g) (life insurance policy); 2(j), (k), (1), (m), (n) (personal items); 3, and 4 (items conveyed to Jeannine Smith); 5, and 6 (items conveyed to Mark Smith and 7 (other equitable reliei).
Prayers 2(e) and 2(f) request to reach and apply shares of stock in C.F. Smith & Associates, Inc. and Smith Sales, Inc. These items are subject to reach and apply pursuant to G.L.c. 214, §3(7). Plaintiff does state a valid cause of action pursuant to G.L.c. 214, §3(7) which states that the superior court has jurisdiction of actions to reach and apply “shares or interests in corporations ... whether a plaintiff is a creditor or not, and whether the action is founded upon a debt or not. ” G.L.c. 214, §3(7). Therefore, the motion to dismiss prayer 2(e) and 2(f) is denied.
II. Failure to State Fraud With Particularity
In addition, plaintiff has alleged fraudulent conveyance, and seeks to reach and apply property conveyed in the divorce agreement to Jeannine Smith and Mark Smith. Plaintiff contends that Clifford Smith made certain conveyances to his wife and son, in an effort to avoid payment on a potential judgment in Ms. Beaupre’s civil action. Defendant argues that plaintiffs claim should be dismissed for failure to state fraud with particularity, because plaintiffs complaint does not provide enough information to form a defense to the allegations. For the reasons previously stated, plaintiff fails to state a claim upon which relief may be granted due to the statutory definition of “debt.” Furthermore, for the reasons stated below, plaintiff also fails to allege fraud with particularity.
Mass.R.Civ.P. 9(b) states that “(i]n all averments of fraud . .. the circumstances constituting fraud ... shall be stated with particularity.” Mass.R.Civ.P. 9(b). Mass.R.Civ.P. 9(b) does not require the claimant to set out in detail all of the facts upon which he bases his claim. Collins v. Rukin, 342 F.Sup. 1282, 1292 (D. Mass. 1972) (emphasis supplied). Rule 9(b) does, however, require plaintiff to adequately warn defendant concerning the particular conduct which constitutes the alleged fraud. Friedman v. Jablonski, 371 Mass. 482 (1976).
Plaintiffs complaint alleges that the assets were conveyed to defeat defendant Clifford Smith’s creditors. Defendants assert that there was a valid conveyance, not to defeat creditors, but to comply with a lawful judgment issued by the Middlesex County Probate Court.
A Probate Court judge must determine that a division of marital assets in a divorce proceeding is fair and reasonable, and that the parties agree on the finality of the judgment. Dominick v. Dominick, 18 *21 Mass.App.Ct. 85, rev. denied, 392 Mass. 1103 (1984). A trial court is given broad discretion to determine whether a distribution of marital assets is fair and reasonable. Warman v. Warman, 21 Mass.App.Ct. 80 (1985). Probate Court Judge Sheila McGovern found the division of the Smith’s marital assets, as stated in the separation agreement, to be a fair and reasonable distribution.
In addition, the remedy of reach and apply is designed to reach property of a debtor by a creditor, or where property is transferred with intent to “defeat, delay or defraud creditors.” G.L.c. 214, §3 (8). The property in question, as applied to Jeannine and Mark Smith, is no longer the property of a “debtor.” Mr. Smith’s property was conveyed, then a judgment entered against him for damages. As stated above, an action to recover a “debt" is not treated the same as an action for damages.
Even if Ms. Beaupre is considered a creditor, she would not have a cause of action. It is not fraud for a debtor to choose one creditor to the exclusion of all others. Lyon v. Wallace, 221 Mass. 351, 353 (1915). Defendant Smith chose one creditor, his wife, over another. This alone, is not enough to allege fraud with particularity. Jones v. Revere Preserving Co., 247 Mass. 225 (1924).
In conclusion, the allegation of fraudulent conveyance fails to state fraud with particularity. The determination of the Probate Court that the division of the marital assets was fair and reasonable, without more, compels this court to dismiss the complaint as applied to Jeannine Smith and Mark Smith. Therefore, prayers 3 and 4 (items conveyed to Jeannine Smith); and 5 and 6 (items conveyed to Mark Smith) shall be dismissed.
ORDER
It is therefore ORDERED that:
(1) Defendants’ motion to dismiss Prayer 1 is ALLOWED.
(2) Defendants’ motion to dismiss Prayer 2 (a), (b), (c) and (d) is ALLOWED.
(3) Defendants’ motion to dismiss Prayer 2 (e) and (f) is DENIED.
(4) Defendants’ motion to dismiss Prayer 2 (g), (h), (i), (j), (k), (1), (m) and (n) is ALLOWED.
(5) Defendants’ motion to dismiss Prayer 3 is ALLOWED.
(6) Defendants’ motion to dismiss Prayer 4 is ALLOWED.
(7) Defendants’ motion to dismiss Prayer 5 is ALLOWED.
(8) Defendants’ motion to dismiss Prayer 6 is ALLOWED.
(9) Defendants’ motion to dismiss Prayer 7 is ALLOWED.

Plaintiffs action, C.A. No. 93-2213, alleged sexual harassment and employment discrimination pursuant to G.L.c. 151B, defamation, civil rights violations, infliction of emotional distress, and interference with advantageous relationships. Plaintiffs 15 IB claim was the only claim that survived defendants’ summary judgment motions.

The court decides to consider defendants’ motions to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) andMass.R.Civ.P. 9(b). This court will not address defendants’ other arguments for dismissal, because any further discussion as to grounds for dismissal is redundant.