PAUL J. CROSSMAN, JR. *vs.* DORETTE A. CROSSMAN. August 6, 1982. On March 20, 1979, the Probate Court entered judgments in this case and in a companion case brought by the defendant (wife) against the plaintiff (husband). The cases were cross-actions for divorce. The judgment in

this (the husband's action) awarded the husband a divorce on the ground of cruel and abusive treatment, awarded custody of a minor child to the wife with rights of visitation to the husband, and made provision for alimony and child support. A judgment of dismissal entered in the wife's action. The wife took appeals from both judgments. On July 18, 1980, this court issued a rescript opinion (10 Mass. App. Ct. 839 [1980]) which affirmed the judgment dismissing the complaint in the wife's action and remanded the husband's action to the Probate Court for the entry of findings relative to alimony. The remand order authorized the trial judge to receive additional testimony in his discretion and to hear a motion to be filed by the defendant concerning an allowance for counsel fees. The order of remand was by its nature an interlocutory order which did not dispose of the wife's appeal in the husband's action. After the entry of findings pursuant to the order of remand the case should in the normal course have come again before a panel of this court for reconsideration of the appeal in the light of the judge's findings. Instead the case followed an eccentric course after remand and has returned to us with procedural complications.

On August 27, 1980, shortly after the rescript opinion was received in the Probate Court, the wife filed motions for an evidentiary hearing relative to alimony and for an allowance of counsel fees. Before these motions were heard the attorney who had represented the husband in prior proceedings filed a motion to withdraw as counsel. The motion was allowed, and on September 24, 1980, another attorney filed his appearance to represent the husband. The new attorney, according to a statement of proceedings (Mass.R.A.P. 8[c], as amended, 378 Mass. 933 [1979]) approved by a judge other than the trial judge, is a first cousin of the trial judge and does not appear before him. On October 17 the wife filed a motion for an order that the new attorney withdraw from his representation of the husband. That motion was denied by the second judge (not the trial judge) on November 3 with a notation that the denial was "without prejudice pending filing of findings of fact in accordance with remand." On December 9, 1980, there still having been no hearing on the motions filed August 27, the wife filed a motion for rehearing of the withdrawal motion. The second judge denied the motion for rehearing but scheduled one of the August 27 motions, the one for counsel fees, for hearing in January. On December 31 the trial judge, without the benefit of a further evidentiary hearing and without having expressly disposed of the wife's August 27 motion for such a hearing, entered findings of fact as required by G. L. c. 208, § 34, and the order of remand. The findings did not purport to alter the alimony provisions originally entered March 20, 1979. On January 28, 1981, the wife filed a new notice of appeal from the original judgment, apparently as a precaution in view of the increasingly uncertain procedural posture of the case.

Meanwhile, on January 2, 1981, the husband, acting by his new attorney, filed a motion for division of certain property allegedly in the wife's custody, including the marital house, valued at $35,000, and certain stocks and bonds valued in the aggregate at roughly $20,000. The proposed division, if allowed, would in effect have modified the alimony and support provisions of the original judgment, which awarded the wife use of the house rent-free during the minority of the parties' ten year old child. The wife filed a motion to dismiss the husband's motion for division, which was denied May 19, 1981, by the second judge, who also entered a pretrial order contemplating an evidentiary hearing with respect to division of assets. That hearing so far as we know has not yet taken place. The wife filed a third appeal, this one from the May 19 orders.

It is clear that the husband's new attorney exercised poor judgment in accepting the engagement in this case and, again, in not withdrawing voluntarily when the wife first objected to his appearance. The posture of the case was such that the trial judge could not feasibly recuse himself because of the pendency of two matters (the entry of findings and the motion for an allowance of counsel fees) which in the normal course should have been acted on by the judge who presided over the trial. The dilemma was not satisfactorily solved by making the findings without granting a hearing and by arranging for the second judge to act on the motion for counsel fees. The wife was entitled to a consideration of her motion for a further evidentiary hearing uncomplicated by the fact that the trial judge could not preside at such a hearing nor even act on the motion itself. It was error to deny the motion for withdrawal of the husband's new attorney, but that error cannot now be rectified by simply vacating all orders entered since his appearance. The findings of fact entered while he was the husband's counsel must be vacated, and it would be unfair to the judge and the parties to expect the judge to enter new findings at this stage.

In the circumstances we are of opinion that the portions of the judgment relative to alimony and support must be vacated and the case remanded for retrial on those issues. The portion of the judgment which granted a divorce to the husband was considered and approved by the first panel which heard the appeal, and that portion of the judgment may stand. The portions relative to custody and visitation have not been contested on appeal. All matters relative to equitable division of the marital assets may be considered in connection with the related matters of alimony and support. The parties are reminded that particular properties may be ordered transferred from one spouse to the other based on traditional alimony principles but that an equitable division should normally encompass all of the marital property. *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 13, 17 (1977).

On the appeal filed May 1, 1979, the portions of the judgment relative to divorce, custody, visitation and child support are affirmed. The portions of the judgment relative to alimony and mixed alimony and child

support, including the provisions relative to the use of the house at 64 Alba Avenue, are reversed as components of the judgment but are to remain in effect as a provision for temporary alimony and support until further order of the Probate Court. The case is remanded for further proceedings in accordance with this opinion to be had before a judge who has had no prior connection with the case. The wife is to have all costs of the appeal, including both proceedings before this court, and her counsel is to be awarded $1,850 as a counsel fee under G. L. c. 208, § 38, for her services in connection with the appeal. The appeal filed January 28, 1981, is dismissed as redundant. The appeal dated June 12, 1981, is dismissed both as interlocutory and as superfluous in light of our disposition of the May 1, 1979, appeal.

*So ordered.*

*Dorothy L. Green* for Dorette A. Crossman.