LAURENCE J. CALDWELL *vs.* BONNIE S. CALDWELL. March 22, 1984. *Divorce and Separation,* Alimony, Division of property.

On cross complaints for divorce, judgments nisi were entered for each party on the ground of cruel and abusive treatment. The judgments awarded alimony and counsel fees and expenses to the wife and ordered a division of marital assets. See G. L. c. 208, §§ 34 & 38. The husband appeals from both judgments, alleging that the probate judge (1) abused his discretion in awarding alimony, counsel fees and expenses to the wife, and in the division of marital assets, and (2) made certain clearly erroneous findings of fact.

1. An award of alimony and division of property under G. L. c. 208, § 34, is within the broad discretion of the judge, and his determinations will not be set aside unless they are plainly wrong and excessive. The judge must make findings on each of the mandatory and, if considered, discretionary factors set out in § 34. See *Rice* v. *Rice,* 372 Mass. 398, 401-402 (1977); *Ross* v. *Ross,* 385 Mass. 30, 35-36 (1982); *Loud* v. *Loud,* 386 Mass. 473, 474 (1982); *Newman* v. *Newman,* 11 Mass. App. Ct. 903 (1981); *Mancuso* v. *Mancuso,* 12 Mass. App. Ct. 973, 974-975 (1981). The weight to be given to each of the factors is within the judge's discretion, and "[n]o specific formula need be followed .to fashion an equitable judgment." *Robbins* v. *Robbins,* 16 Mass. App. Ct. 576, 578 (1983), and cases cited. In this case the judge made detailed findings of fact on all of the mandatory and discretionary factors. Where, as here, the evidence is reported, all questions of law, fact and discretion are open to us on review. See *Pagar* v. *Pagar,* 9 Mass. App. Ct. 1, 2 (1980), and cases cited.

(a) The parties lived together as husband and wife for about five and one-half years, and had no children. The judgments provided for the payment of alimony to the wife for three years — $70 per week in the first year, $60 per week in the second, and $50 per week in the third — or until her death or remarriage, whichever should first occur. The judge's findings show that he considered all of the § 34 factors in determining the amount of the award, including the incomes of the parties, the wife's "most basic" needs, and her potential for increased income from employment. Contrary to the husband's assertion, the judge did not make a miscalculation which led to an erroneous finding on the amount of the husband's

rental income. The judge's findings on the subject expressly related solely to the credibility of the husband's representations as to the amount of his current rental income. See *Newman* v. *Newman, supra* at 904. It was for the judge to resolve the question of the husband's gross weekly income from all sources on the basis of the conflicting evidence, much of which was presented by the husband. See *Maddaloni* v. *Western Mass. Bus Lines,* 386 Mass. 877, 882 (1982); *Pemberton* v. *Pemberton,* 9 Mass. App. Ct. 9, 16 (1980).

(b) The judge found that the wife, through her contributions to the husband's retail business (first operated as a sole proprietorship and then, from September, 1977, as a corporation wholly owned by the husband [NanRidge, Inc.]), from the date of marriage (January 12, 1977) to the date of separation (May 12, 1981), was responsible for forty percent of the growth of the business. As a division of marital assets under § 34, the judge credited the wife with an amount ($70,691) equal to forty percent of the amount ($176,727) which the judge found as the appreciation in value of the business from January, 1977, to May, 1981. The husband first contends that it was error to place a value of $23,273 on the business as of 1977, since the judge in so doing did not take into account factors which he did consider in establishing the value in 1981. The only evidence on the question presented to the judge was the value assigned by the husband, in addenda to the parties' joint Federal income tax return for 1977 and NanRidge's first Federal corporate income tax return for the fiscal year September 19, 1977, to August 31, 1978, to both the assets of the proprietorship transferred to, and the capital stock of, NanRidge, viz., $23,272.94. There was no error. The husband next argues that the judge erred in finding that NanRidge had a value of $200,000, or "at least 200,000" in 1981. It is unnecessary to address many of the husband's arguments in this respect, as we conclude that the judge's findings are fatally flawed, and leave, impermissibly, to speculation the basis of his determination of value. See *Putnam* v. *Putnam,* 5 Mass. App. Ct. 10, 15 (1977). The judge found: "The Court is of the opinion that considering the corporate inventory, the corporate good will, stockholder's equity and the [husband's] value affixed to his corporate stock holdings, the [husband's] value in NanRidge, Inc. above the outstanding notes thereon is the sum of $200,000."[1] In making this determination, the judge appears to have relied in large part on figures from the Federal corporate income tax return of NanRidge for the fiscal year ending August 31, 1981.[2] The judge found that "total stockholder's equity" was shown on that form as $185,858. In fact, that figure represents "Total liabilities and stockholders' equity." The value of stockholders' equity as shown on the return was $69,038. While the judge stated that he considered corporate good will in arriving at value, immediately prior to that statement he found: No

---

[1] In a later finding dealing with appreciation in value during the relevant times, the judge stated, without amplification, a value of "at least $200,000."

[2] In a case which clearly called for expert testimony on valuation, none was introduced. The husband made no effort to assist the judge in this respect. The wife's feeble attempt to offer such testimony failed when her expert witness was not qualified despite the judge's indulgence.

value has been established for the good will or trade name of the corporation."
Further, it appears that the judge may have considered the total value of inventory
separate from its value as reflected in the value of stockholders' equity and, in
looking at both stockholders' equity and the husband's assessment of value, may
have included the value of the capital stock twice. There is no rational basis
apparent from the judge's findings to support his determination of value. See
*Putnam* v. *Putnam, supra.* For these reasons we conclude that the finding as to
value is clearly erroneous. See Mass.R.Dom.Rel.P. 52(a) (1975).

There was no abuse of discretion in the conclusion that the wife was entitled
to a credit in an amount equal to forty percent of whatever amount by which
the husband's business appreciated in value from the date of marriage to the
date of separation. The judge considered all of the § 34 factors, including the
involvement of the parties in the day to day operations and the management of
the business. "Division of such an asset need not proceed on any precise
mathematical formula, but should be an honest exercise of judicial discretion."
*Downing* v. *Downing,* 12 Mass. App. Ct. 968, 969 (1981). See *Belsky* v.
*Belsky,* 9 Mass. App. Ct. 852, 853 (1980).

(c) The judge's findings, as amended, on the subject of the wife's financial
contribution to the purchase of real estate in Colorado in the husband's name
alone prior to the marriage are hopelessly confused. The judge first found that
the wife contributed approximately $6,000 (in one finding adding "in part, if
not in whole") of the $8,000 downpayment for the property. On motion of the
husband, the judge, apparently recognizing that the evidence did not support
such a finding (as he had expressly acknowledged at trial), amended the findings
so as to state that the wife's contribution was made "indirectly at least" (leaving
in the one finding, "in part, if not in whole"). Left unamended was a finding
that the wife "contributed ¾ of the deposit to the . . . Colorado property." That
finding, like those which were amended, is unsupported by the evidence. The
significance of these findings lies in other findings which trace the proceeds
from the sale of the Colorado property to the purchase of real estate in New
Hampshire, and the ultimate finding that the wife's share of the equity of the
latter property was three-quarters ($15,000). In addition, the judge ordered the
husband to convey his entire interest in that property to the wife. It is impossible
to determine from the findings whether the assignment of a percentage of the
equity and the order for conveyance are interdependent. To the extent that the
amended findings led the judge to a conclusion that the wife was entitled to a
credit for three quarters of the equity in the New Hampshire property, they are
unsupported by the evidence. We do not intimate that the judge could not
consider a financial contribution of the wife prior to marriage which may fairly
be traced to marital assets. Nor do we suggest that it was not within the judge's
broad discretion, after considering all of the § 34 factors, to order a conveyance
of the husband's interest in the New Hampshire property to the wife, without
regard to a consideration of any financial contribution she may have made in its
acquisition. The new findings which we call for may provide a basis for such action.

2. The husband was ordered to pay to the wife's counsel $11,530.10, as counsel fees and expenses. See G. L. c. 208, § 38. The judge had before him an affidavit of the wife's counsel detailing the time spent, hourly charges and expenses incurred. The husband does not challenge the representations in the affidavit, the necessity for the time spent, the husband's ability to pay or the amount of the hourly charge, but only the amount of the award. "We recognize that a calculation of attorney's fees requires an exercise of judgment involving the application of many factors, and that any award made will be entitled to considerable respect on review." *Kane* v. *Kane,* 13 Mass. App. Ct. 557, 560 (1982). The guidelines for determining such awards are well settled and were expressly recognized by the judge in his conclusions of law. See *Hayden* v. *Hayden,* 326 Mass. 587, 596-597 (1950); *Kane* v. *Kane, supra,* and cases cited. "As long as the amount awarded is not incommensurate with an objective evaluation of the services performed, and our inspection of the record shows it was not, '[t]he award of such costs generally rests in sound judicial discretion . . . . [T]he award . . . may be presumed to be right and ordinarily ought not be disturbed.'" *Ross* v. *Ross,* 385 Mass. 30, 38-39 (1982), quoting from *Smith* v. *Smith,* 361 Mass. 733, 738 (1972). There was no abuse of discretion in the award of counsel fees and expenses.

3. Those portions of the judgments ordering the conveyance of the husband's interest in the New Hampshire real estate to the wife and the payment by the husband to the wife of $65,691 are vacated. The cases are remanded to the Probate Court for the entry of new detailed findings which include the rationale for the determinations made with respect to the value of NanRidge, Inc., as of the date of the parties' separation, and the assignment of the New Hampshire real estate. The judge may take additional evidence if, in his discretion, he determines that such evidence is necessary or desirable. Amended judgments are to be entered consistent with the new findings.

*So ordered.*

*David G. Stern (John A. Wortmann, Jr.,* with him) for the plaintiff.
*Robert E. Terry (Pamela E. Terry* with him) for the defendant.