PATRICIA G. HARRIS *vs.* BRUCE E. HARRIS. No.88-P-106. November 23, 1988. *Divorce and Separation*, Alimony, Division of property.

By a judgment of divorce nisi (as amended on February 6, 1987, and further amended on March 31, 1987) the wife was awarded custody of the parties' three minor children, the husband was ordered to pay $75 a week as child support to the Department of Public Welfare, and the husband was further ordered to transfer his interest in the marital home to the wife (subject to her payment of $17,000, forty percent of the value of the marital home, to the husband upon the occurrence of certain specified events) "in lieu of alimony, past, present, and future, and as a full division of property pursuant to [G. L. c. 208, § 34]."

The wife claims, among other things, that the judge erred in ordering that the transfer of the home be in lieu of alimony, past, present, and future.

General Laws c. 208, § 34, confers broad discretion on a judge in awarding alimony and making equitable property divisions. See *Drapek* v. *Drapek*, 399 Mass. 240, 243 (1987); *Newman* v. *Newman*, 11 Mass. App. Ct. 903, 903-904 (1981); *Caldwell* v. *Caldwell*, 17 Mass. App. Ct. 1032, 1032 (1984). No specific formula need be followed to fashion a fair judgment. *Belsky* v. *Belsky*, 9 Mass. App. Ct. 852, 853 (1980); *Downing* v. *Downing*, 12 Mass. App. Ct. 968, 969 (1981); *Caldwell* v. *Caldwell*, 17 Mass. App. Ct. at 1032, and the weight to be accorded to each of the § 34 factors is committed to the judge. *Ross* v. *Ross*, 385 Mass. 30, 37 (1982). *Caldwell* v. *Caldwell*, 17 Mass. App. Ct. at 1032. The purpose of an award of alimony is to provide economic support to a dependent spouse. *Gottsegen* v. *Gottsegen*, 397 Mass. 617, 623 (1986). *Grubert* v. *Grubert*, 20 Mass. App. Ct. 811, 819 (1985). *Fugere* v. *Fugere*, 24 Mass. App. Ct. 758, 760-761 (1987). The purpose of a property division is to recognize and equitably recompense the parties' respective contributions to the marital

partnership. *Heacock* v. *Heacock*, 402 Mass. 21, 24 (1988). See *Savides* v. *Savides*, 400 Mass. 250, 252-253 (1987); *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 15 (1977). "[A]n order for division of property cannot be viewed apart from alimony." *Grubert* v. *Grubert*, 20 Mass. App. Ct. at 818.

Although in the instant matter the judge considered each of the factors enumerated in § 34 prior to fashioning the financial award, the findings, in our view, do not support a property division in lieu of alimony, past, present, and future. The judge's orders seek to preclude the wife from receiving alimony now or in the future — no matter what her future needs or the husband's future circumstances may be. Compare *Bianco* v. *Bianco*, 371 Mass. 420, 420, 423 (1976); *Rolde* v. *Rolde*, 12 Mass. App. Ct. 398, 399, 401-402 (1981). An order to convey property in lieu of alimony past, present, and future is, in our opinion, inappropriate under most circumstances and constitutes an abuse of discretion here. The judge's order may have resulted from his misunderstanding of the wife's representations at trial. The transcript indicates that the wife's counsel requested that the judge transfer the marital home to the wife "as a form of alimony" (see *Topalis* v. *Topalis*, 2 Mass. App. Ct. 530, 532 [1974]; *Crossman* v. *Crossman*, 14 Mass. App. Ct. 966, 968 [1982]; *Davidson* v. *Davidson*, 19 Mass. App. Ct. 364, 367 [1985]; *Ziegler* v. *McKinlay*, 318 Mass. 765, 767 [1945]), not "in lieu of alimony."

As a matter of policy, a judge ought not, even if there is some financial hardship, shift to the public a party's obligation to provide support for his former spouse and children. See *O'Brien* v. *O'Brien*, 325 Mass. 573, 578 (1950); *Knox* v. *Remick*, 371 Mass. 433, 437 (1976); *Stansel* v. *Stansel*, 385 Mass. 510, 515 (1982). The wife is unemployed, has custody of the parties' children, is receiving welfare benefits, and has very limited employment skills. In fact, the wife testified that she earned only $60 a week (net) from her most recent part-time employment. Although the judge found that the wife is employable and may avail herself of further training to "increase her employability," it is not clear from the record whether she will be able to meet her basic needs in the future. The husband's straitened financial circumstances at the time of trial might not have been permanent. The circumstances of the parties in *Rolde* v. *Rolde*, 12 Mass. App. Ct. at 401-402, in which an order was made assigning property of one spouse to the other in lieu of alimony, were altogether different from those of the husband and wife in this case. The Roldes both had substantial incomes and personal financial assets.

We vacate so much of the judgment of divorce nisi, as amended, as pertains to the division of the marital home and its conveyance to the wife in lieu of alimony, past, present, and future. As to these matters, the case is remanded to the Probate Court for further consideration in light of this opinion. The judge may reshape the financial award, should he deem it

appropriate, and may conduct any hearing he deems desirable in connection therewith. The judgment of divorce nisi is otherwise affirmed.

*So ordered.*

The case was submitted on briefs.

*Edwin H. Lyman, Jr.,* for Patricia G. Harris.

*Gary S. Pfisterer* for Bruce E. Harris.