JANICE M. SAIA *vs.* THOMAS E. SAIA.

No. 01-P-548.

Barnstable. January 9, 2003. - May 15, 2003.

Present: PERRETTA, COWIN, & GREEN, JJ.

*Divorce and Separation,* Alimony, Child support.

In a divorce proceeding, the judge acted beyond his authority in ordering the husband to pay alimony from his disability retirement payments to assist the wife with her expenses in supporting the parties' children, one of whom was emancipated; further, because the judge's alimony award was plainly designed to provide for support of the parties' unemancipated child, and because the unemancipated child was eligible for child support at the time of the order, this court remanded the case for further proceedings on the question of child support for that child. [137-138]

COMPLAINT for divorce filed in the Barnstable Division of the Probate and Family Court Department on September 18, 1998.

The case was heard by *Robert E. Terry*, J.

*John S. Dale* for Thomas E. Saia.

*John C. Manoog, III*, for Janice M. Saia.

GREEN, J. On appeal from a judgment of divorce nisi, the husband challenges the portion of the judgment ordering him to pay, as alimony, an amount equal to twenty-five percent of the monthly disability retirement payments he receives. The husband contends that the judge impermissibly based the alimony award on expenses incurred by the wife to support the couple's two adult children. We agree that the judge based his alimony award on an impermissible ground and we vacate that part of the judgment.[1] However, as the son was eligible for child support and it is apparent that the judge awarded support (albeit in the form of alimony) based in part on the son's

---

[1]Our view of the case precludes the need to address the husband's other two bases for challenging the alimony order.

dependent status, we remand for further proceedings. See *Harris* v. *Harris*, 26 Mass. App. Ct. 1004, 1005-1006 (1988).

At the time of trial, the couple's two children were 22 and 19 years old, respectively. The older child, a daughter, suffered from depression and bulimia, and received monthly disability payments from the Social Security Administration as a result. She was not enrolled in an educational institution. The younger child, a son, expected to enroll in a local community college, but had not begun attending classes. Both children lived with the wife. The husband was unable to work by reason of a mental disability, and derived his entire annual income of approximately $26,000 from disability retirement payments. The wife worked for a community college, earning approximately $22,000, and received rent payments from her daughter of $160 per month; accordingly, her total annual income was approximately $24,000.

Following a trial, the judge entered a judgment of divorce nisi which, as noted, ordered the husband to pay alimony to the wife in an amount equal to twenty-five percent of the monthly disability retirement payments he received. In a separate written "rationale," entered contemporaneously with the judgment nisi, the judge observed that the parties' daughter, though emancipated, is principally dependent on her mother. The judge also observed, correctly, that he lacked authority under G. L. c. 208, § 28, to order child support for the daughter, but that, if the wife were appointed as the daughter's guardian, the wife could move for support under the general equity authority of the Probate Court. See *Feinberg* v. *Diamant*, 378 Mass. 131, 136 (1979). As to the parties' son, the judge observed that he "may be unemancipated" by reason of his anticipated enrollment in the community college,[2] but did not enter an order for child support, instead directing both parents to contribute toward their son's college expenses from the proceeds of mutual fund accounts he ordered divided equally between them. The judge offered no explanation of how he determined the alimony pay-

---

[2]In light of the judge's finding that the son was principally dependent on the wife for financial support, see *infra*, at age 19 the son was in fact unemancipated within the meaning of G. L. c. 208, § 28, without regard to his college enrollment status.

ment amount in the portion of the rationale directed to that topic.

After the husband filed his notice of appeal, the judge issued written findings of fact. In paragraph 9 of the findings, the judge offered an explanation of his alimony order: after finding "that both Daughter and Son are principally dependent on the Wife for financial support," the judge stated that "[c]onsequently, the Wife has an increased need for financial assistance from the Husband, who has the ability to pay," and observed that the husband had argued at trial that his disability payments should be treated as a stream of income rather than as a marital asset. The paragraph concluded with the following sentence: "Consequently, I find that the Husband's disability retirement payments should be treated as a stream of income and that 25% of the gross monthly benefit should be paid to the Wife as alimony." The findings include no other discussion of the basis for the determination of the alimony amount.

It is apparent from the judge's written findings and rationale that he ordered the husband to pay alimony from his disability retirement payments to assist the wife with her expenses in supporting the couple's children, one of whom was emancipated. That was beyond his authority. "The statutes governing the wife's right to alimony and child support constitute 'a complete statutory system, intended to cover the field of civil liability for maintenance between husband and wife . . . There is in this Commonwealth no nonstatutory right to sue for alimony or support.' " *Orlandella* v. *Orlandella*, 370 Mass. 225, 227 (1976), quoting *Gediman* v. *Cameron*, 306 Mass. 138, 140 (1940).

Child support is governed by G. L. c. 208, § 28, which authorizes such support for children over eighteen only where (i) a child between eighteen and twenty-one is domiciled with one parent and is principally dependent on that parent for maintenance; or (ii) a child between twenty-one and twenty-three is domiciled with one parent and is principally dependent on that parent for maintenance due to the child's enrollment in an educational program (not extending beyond an undergraduate degree). Alimony is governed by G. L. c. 208, § 34, which

does not recognize expenses of caring for dependent children among the factors to be considered in determining alimony.[3]

With respect to the son, the difference between alimony and child support is significant: under § 28, child support would terminate either at age 21 or age 23, whereas alimony would not be terminable except by a complaint for modification. As to the daughter, neither alimony nor child support could provide for payment of expenses for her care: at age 22 and not enrolled in an educational program, the daughter was legally emancipated.[4]

The portion of the judgment ordering the husband to pay alimony in the amount of twenty-five percent of his disability retirement payments is vacated. Because the judge's alimony award was plainly designed to provide for support of the parties' son, and because the son was eligible for child support at the time of the order, we remand for further proceedings on the question of child support for the son. The judgment of divorce nisi is otherwise affirmed.

*So ordered.*

---

[3]We note that the future needs of dependent children may be considered as a factor in the division of property under § 34. See *Passemato* v. *Passemato*, 427 Mass. 52, 55-57 (1998).

[4]Though the judge found that the daughter was in fact dependent to some extent on the wife, he also recognized that *Feinberg* v. *Diamant, supra,* authorized an order for support of a disabled dependent adult child only under the guardianship of his mother, pursuant to the Probate Court's general equity jurisdiction to address all matters relative to guardianship or conservatorship. To the same effect is *Eccleston* v. *Bankosky,* 438 Mass. 428, 437-438 (2003), in which the court (again relying on the general equity jurisdiction of the Probate Court) authorized an order for payment of child support to a child's former guardian, on whom the child was dependent for educational and living expenses while enrolled in college; in so doing the court harmonized the treatment of a postminority child previously placed in guardianship with that of a postminority child domiciled with a parent under § 28. Neither circumstance is present here; as the parties' daughter has not been placed under the wife's guardianship, the court's equitable jurisdiction over matters relative to guardianship does not apply.