Following a trial in the Probate and Family Court, the judge awarded Tarah L. Denesha (wife) nearly one hundred percent of the marital estate and ordered Jeffrey M. Denesha (husband) to repay the wife $250,000 over a seven-year period. The husband appeals, claiming that it was error for the judge to order repayment and contending that the court cannot divide future-acquired assets. We remand for additional findings.
Background. The parties were married for more than eighteen years and have two children. On February 5, 2015, the parties filed a separation agreement which was incorporated in a judgment of divorce nisi. The separation agreement addressed issues relating to the one minor child, as well as medical, dental, and life insurance. The remaining issues, including alimony, child support, tax dependency exemptions, and property division were bifurcated for trial. On January 6, 2016, the judge entered an amended judgment awarding the wife the marital home and its contents, all of the husband's 401k account, and all bank accounts in her name. The judge also ordered the husband to pay the wife weekly support and to repay $250,000 to the wife within seven years. Both parties filed motions to alter and amend the judgment pursuant to Mass.R.Dom.Rel.P. 59. On February 9, 2016, the judge issued a second amended judgment and rationale, which increased the husband's weekly support payments. This appeal followed.
The repayment of $250,000. On September 30, 2005, the husband, the wife, and their two children were injured in a motor vehicle accident. All four received settlements, the aggregate value of which was $570,000.[2] After payment of attorney's fees and medical liens, the settlement proceeds totaled $400,000. These funds were deposited in a joint account in the names of the husband and the wife. After receiving the settlement, the wife agreed that the husband could use $25,000 for the construction of a pool and $50,000 towards the down payment on a Cadillac franchise. The wife had no knowledge of what was done with the remaining proceeds. In October, 2006, the husband unilaterally withdrew the settlement proceeds and deposited them in a money market account in his name alone. The account was depleted by the time of trial. The judge ordered the husband to repay $250,000 to the wife within seven years "representing a substantial portion of the Wife's share of the settlement proceeds of the motor vehicle accident ... with at least $30,000.00 to be paid each year commencing with the year beginning January 1, 2017" (repayment provision).
Discussion. The husband contends that, as a matter of law, the repayment provision must be vacated as the judge did not have the authority to order the division of property acquired after the dissolution of the marriage. The wife counters that the husband waived any objection to the repayment provision as he did not raise the issue in his rule 59 motion. She also contends that the repayment provision is not a division of future assets, but rather an assignment to the husband of his debt to the wife. The judge provided a rationale for the division of certain discrete assets, the amount of support payments, and the denial of the wife's request for attorney's fees, but not as to the repayment provision. He did not make findings pursuant to G. L. c. 208, § 34.
a. Waiver. The wife does not cite to any authority to support her position that the husband's failure to raise the issue of the repayment provision in his posttrial motion constitutes waiver. See Commonwealth v. Gray, 423 Mass. 293, 296-297 (1996) (claims of error unsupported by reasoned argument or citations do not rise to level of appellate advocacy required under Mass.R.A.P. 16 [a] [4], as amended, 428 Mass. 1603 [1999] ). Notwithstanding, the law is to the contrary. See Liberty Square Dev. Trust v. Worcester, 441 Mass. 605, 610 (2004) (failure to file motion to amend judgment does not operate to waive issue).
b. Characterization of the repayment provision. The husband's characterization of the repayment provision as an order to divide assets acquired after the divorce is mistaken. General Laws c. 208, § 34, "grants judges the authority to exercise a broad degree of discretion in assigning 'to either husband or wife all or any part of the estate of the other.' " Adams v. Adams, 459 Mass. 361, 372-373 (2011), quoting from G. L. c. 208, § 34. See Harris v. Harris, 26 Mass. App. Ct. 1004, 1004 (1988) (" General Laws c. 208, § 34, confers broad discretion on a judge in awarding alimony and making equitable property divisions"). "A party's 'estate' by definition includes all property to which he holds title, however acquired. Therefore, this provision gives the trial judge discretion to assign to one spouse property of the other spouse whenever and however acquired." Rice v. Rice, 372 Mass. 398, 400 (1977). Here the repayment provision assigns to the husband a debt which was incurred during the marriage, but that was ordered to be repaid in installments following the divorce.
In order to evaluate whether the division of the marital estate is "plainly wrong and excessive," a reviewing court must look to the trial judge's findings of fact. Kittredge v. Kittredge, 441 Mass. 28, 44 (2004). The trial judge must consider, among other factors, the contributions of the parties to the marital estate and the cost to the marital estate arising from a spouse's conduct and debts.[3] See Bacon v. Bacon, 26 Mass. App. Ct. 117 (1988). Here, the judge's failure to make findings to support his order and the disparate division of assets prevents our assessment of the judge's ruling.[4] Accordingly a remand for additional findings is necessary.
Conclusion. Paragraph 8 of the second amended judgment of divorce nisi dated February 9, 2016, nunc pro tunc to February 5, 2015, is vacated. The case is remanded to the Probate and Family Court for additional findings consistent with this memorandum and order. In all remaining respects, the second amended judgment is affirmed.[5]
So ordered.
Vacated in part and remanded; otherwise affirmed.

The injuries to the wife were the most serious, resulting in the amputation of her index finger. The net proceeds for the wife's injuries were $352,824.03; the net proceeds for one child's injuries were $14,988.97; the net proceeds for the other child's injuries were $21,062.14; the net proceeds for the husband's injuries were $11,124.86.

The wife alleged that the husband made poor business decisions, that he gambled regularly with losses of nearly a quarter of a million dollars, and made other poor financial decisions that negatively impacted the marital estate.

While the husband does not appeal from the division of assets, the judge's rationale in awarding virtually all of the assets of the marital estate to the wife plus the repayment of $250,000 is necessary to our determination as to whether there is an error of law or abuse of discretion in the judge's decision concerning the repayment provision.

The wife's request for double costs and attorney's fees is denied.