The wife appeals from a judgment of divorce nisi that ordered, as relevant here, (1) the parties to list for sale the couple's three incoming-producing properties and to split the proceeds equally, and (2) the husband to pay child support for the younger of the couple's two children, granting the wife sole physical custody of that child, and (3) that declined to order alimony. We affirm in part, vacate in part, and remand for further findings and proceedings.
The judge made no findings to support the judgment, despite being required to do so with respect to the property division under G. L. c. 208, § 34. See Caldwell v. Caldwell, 17 Mass. App. Ct. 1032, 1032 (1984) ("The judge must make findings on each of the mandatory and, if considered, discretionary factors set out in § 34"). Therefore, because the evidence at trial was conflicting, and we are in no position on appeal to resolve those conflicts, to weigh the evidence, or to assess the credibility of the witnesses, we merely set out here the undisputed facts. The parties were married in Colombia on April 12, 1996, and then a second time in Boston on April 12, 1998. There are two children of the marriage. The younger of the two, a son, resides with the mother and is enrolled in school. The evidence was conflicting as to whether the older child, a daughter, lives primarily with the mother. The couple owns three income-producing three-family buildings. The wife and her son (and perhaps daughter) live in one of the units in one of the buildings. The husband lives with his girl friend in one of the units of one of the other buildings.
The husband filed a divorce complaint in April, 2013, alleging an irretrievable breakdown of the marriage. The wife neither answered the complaint nor did she assert any counterclaims. The case was tried in 2016, and the judgment described at the outset subsequently entered. Because the wife has not provided a complete docket sheet from the Probate and Family Court, we are unable to know with certainty the complete course of proceedings between the filing of the complaint and trial.
The wife raises numerous issues on appeal, many of which are defective as presented. First, she contends that the husband committed fraud on the court by not submitting true financial statements and/or by failing to provide adequate discovery. The wife having failed to object below, the issue is waived. Edgar v. Edgar, 403 Mass. 616, 618 n.1 (1988). Even were we to overlook the failure to preserve the issue, the wife has failed to provide a sufficient record on appeal to support her argument. The wife's naked assertion of fraud is insufficient. Contrast Maillet v. Maillet, 64 Mass. App. Ct. 683, 686 (2005) (tax returns contradicted party's financial statement). Similarly, although it is true that parties to a divorce are required to turn over certain discovery, see Supplemental Probate and Family Court Rule 410 (2012), the record does not reveal one way or the other the discovery made (or not made) by either party. The wife's naked assertion, without record support, is not enough. For these same reasons, the wife's argument that she was deprived of due process because of shortcomings in the husband's financial disclosures fails. Finally, the wife argues that the judge abused her discretion when she did not award alimony. However, the wife-who was represented by counsel-never sought alimony below. Alimony cannot be sought for the first time on appeal, nor can the trial judge be faulted for declining to award alimony where none was sought. The wife has provided no authority for the proposition that the judge had an obligation to sua sponte award alimony.
Although the wife's remaining arguments also suffer from inadequacies of the record, additional considerations lead us to consider them as a matter of our discretion. Specifically, given that the parties' three income-producing properties constituted not only the entire marital estate, appear to generate some net income, and are where the parties and at least one of their children live, we are concerned by the absence of findings to support that part of the judgment ordering that the properties be sold and that the sale proceeds be divided equally. Without suggesting that this disposition is incorrect, having carefully reviewed the full trial transcript we cannot say that it is self-evident from, or compelled by, the evidence. We therefore vacate that portion of the judgment and remand for the judge to make findings to support the division of property under G. L. c. 208, § 34. On remand, the judge may conduct additional proceedings, including taking additional evidence, within her discretion.
For similar reasons, we vacate and remand the child support award. Given the conflicting evidence concerning the older child, the judge's decision to exclude the older child from testifying (even though she was present on the day of trial and stated she wanted to testify), and the need to ensure that the children's interests are adequately protected, we are equally concerned by the absence of findings concerning the child support award. We accordingly vacate that portion of the judgment, and remand for further findings on child support and, as appropriate, reconsideration of the amount of child support. Again, the judge on remand may conduct additional proceedings, including taking additional evidence, within her discretion.[2] The current child support order is to remain in effect until a new order is entered.
So ordered.
Vacated in part; affirmed in part.

As the wife's appeal is not frivolous, we deny the husband's request for "damages and single or double costs."