The father, Todd J. Bennett, appeals from a judgment from the Middlesex Probate and Family Court granting the request of the mother, Kerri Beth Aaron Bennett, request to remove the parties' two children to Florida and ordering the father to pay one-half of the mother's student loan payments. We affirm.
Background. We begin with a brief summary of the facts, reserving other relevant facts for the discussion of the issues. After a five-day trial, the parties were divorced by a judgment of divorce nisi. The judge made 211 findings of fact, granting the parties joint legal custody of the children and physical custody to the mother, allowing her to remove the children to Florida. The judgment included a visitation plan for the father to travel to Florida and have parenting time with the children. The judge deducted the father's travel expenses from his child support payments. Neither party was ordered to pay alimony but the father was ordered to pay the mother $375 per month toward her student loan payment, until the loan is paid in full. The mother is responsible for the other one-half of her student loan payments.
Discussion. 1. Removal of the children. We review a judge's decision regarding the removal of a child for "abuse of discretion or other error of law," accepting the judge's findings unless shown to be clearly erroneous. Murray v. Super, 87 Mass. App. Ct. 146, 148 (2015).
Under G. L. c. 208, § 30, a minor child who is under the "suitable age to signify his consent" cannot be removed from Massachusetts "without the consent of both parents, unless the court upon cause shown otherwise orders." This has been interpreted to mean that the removal must be in the "the best interests of the child." Miller v. Miller, 478 Mass. 642, 647 (2018). When a parent with primary physical custody is seeking removal, the court first considers whether there is a "real advantage" for the move, then considers whether the move is in the best interests of the children. Yannas v. Frondistou-Yannas, 395 Mass. 704, 711 (1985). Here, the judge properly applied the Yannas test.
a. Real advantage to the mother. The real advantage test is satisfied when the custodial parent shows "the soundness of [her] reason for moving, and the presence or absence of a motive to deprive the noncustodial parent of reasonable visitation." Id. The record supports the judge's findings that the mother has a real advantage in moving to Florida. Where both parties have family residing in Florida, the mother has a large support network there, compared to Massachusetts where she has no one to support her and help take care of the children. See Altomare v. Altomare, 77 Mass. App. Ct. 601, 607-608 (2010) (emotional support is sincere reason for relocation). The mother also has job opportunities in Florida, a plan for where she will live, and will be able to provide the children with the same financial security and lifestyle that they had in Massachusetts. Notwithstanding her efforts, the mother does not have any job prospects in Massachusetts. Therefore, there is ample support in the record that the mother has a real advantage in removal. See Murphy v. Murphy, 82 Mass. App. Ct. 186, 190-191 (2012) (real advantage to mother where she wishes to be closer to family and has job opportunity).
"We also note that there is no evidence that [the mother] seeks the move in order to deprive [the father] of access to his children." Altomare, 77 Mass. App. Ct. at 608. Although some of the mother's actions noted by the father may show that the mother is overprotective of the children, we agree with the judge's findings that they do not rise to the level of interfering with the father's time or relationship with the children. See Woodside v. Woodside, 79 Mass. App. Ct. 713, 719 (2011) ("mother was not motivated by an intent to deprive the father of his relationship with their two [children]").
b. Best interests of the children. The judge also properly weighed factors affecting the best interests of the children. To determine the best interests of the child, the judge looks to a number of factors "collectively." Yannas, 395 Mass. at 712. These factors include:
"(1) whether the quality of the children's lives will be improved, including any improvement that 'may flow from an improvement in the quality of the custodial parent's life'; (2) any possible 'adverse effect of the elimination or curtailment of the child[ren]'s association with the noncustodial parent'; (3) 'the extent to which moving or not moving will affect the [children's] emotional, physical, or developmental needs'; (4) the interests of both parents; and (5) the possibility of an alternative visitation schedule for the noncustodial parent."
Murray, 87 Mass. App. Ct. at 150, quoting Dickenson v. Cogswell, 66 Mass. App. Ct. 442, 447 (2006).
The judge found that, like the mother, the children will benefit from the move to Florida. See Woodside, 79 Mass. App. at 719 ("the move would result in an improvement in the mother's quality of life that in turn would benefit the children"). The children are close with their family in Florida and have spent at least three months out of the year there. See Murphy, 82 Mass. App. Ct. at 192-193 (relocation to New York was in best interests of child where mother had real advantage in move and family resided in New York who could assist in child care).
c. Interests of the noncustodial parent. The judge also adequately considered the interests of the father as the noncustodial parent. Yannas, 395 Mass. at 711. Contrary to the father's argument, the judge did not ignore any evidence concerning his ability to have meaningful parenting time with his two children. The father has the means to visit the children in Florida and the judge set in place a visitation schedule for him. To allow the father more time with his children, the judge is allowing the father to opt out of taking them to their extracurricular activities during his visits. Although the father argues that this finding shows that the mother interferes with the father's parenting time, we agree with the mother that such finding is designed to provide the father with more time with his children during his visits. See Woodside, 79 Mass. App. Ct. at 720.
Lastly, the father's contentions that the judge did not adequately consider the mother's past behavior, terming it as "abusive," is without merit. The overprotective behavior of the mother cannot properly be termed as "abusive" and the judge noted that although the mother is "hyper-vigilant" with the children, her behaviors raise no concerns in regards to her parenting or the children's well-being. This is supported by statements from the mother's recent therapist, with whom she meets to cope with her divorce, that the mother has no mental health concerns and is psychologically sound.
In conclusion, where there is ample support in the record for the judge's decision to allow the mother's relocation request, there is no abuse of discretion. Accordingly, we decline to disturb that decision.
2. Student loan payments. General Laws c. 208, § 34, governs the equitable division of marital property. See Kittredge v. Kittredge, 441 Mass. 28, 37-38 (2004). The "ultimate goal" is "an equitable, rather than an equal, division of property." Williams v. Massa, 431 Mass. 619, 626 (2000). In reviewing the judge's determination, we consider whether the judge weighed the § 34 factors and "whether the reasons for the judge's conclusions are 'apparent in his findings and rulings.' " Adams v. Adams, 459 Mass. 361, 371 (2011), quoting Redding v. Redding, 398 Mass. 102, 108 (1986). As long as the judge considers all the relevant § 34 factors together, giving each the weight the judge deems appropriate, "a judge's determination on the equitable division of marital property will not be disturbed." Williams, supra at 631.
In addition to the finding relied on by the father, that "the parties should be equally responsible for the re-payment [sic ] of these loans especially where the [c]ourt is attributing income to the [m]other," the judge made other findings regarding the required § 34 factors. See Williams, 431 Mass. at 626 ; Bowring v. Reid, 399 Mass. 265, 267 (1987). The judge made findings concerning the parties' student loans and how the father's loans have been paid off while the mother's have not. The judge also considered the mother's contributions as a caretaker for the parties' children, and the husband's financial contributions. See Moriarty v. Stone, 41 Mass. App. Ct. 151, 157 (1996) ("The parties' respective contributions to the marital partnership remain the touchstone of an equitable division of the marital estate"). The judge also considered the father's use of substantial sums of money during the marriage for his own purposes, without the mother's knowledge, specifically finding that the father "failed to be fully transparent with the mother when it came to the parties' finances." Accordingly, we cannot say that the judge abused his discretion in establishing the liabilities of the parties concerning the student loan debts. See Caldwell v. Caldwell, 17 Mass. App. Ct. 1032, 1034 (1984).
3. Attorney's fees. The mother's request for attorney's fees incurred in connection with this appeal is denied.
Judgment affirmed.